USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

BELLO HERRERA ET AL.,

                                Plaintiffs,

              -against-

MANNA 2ND AVENUE LLC ET AL.,

                              Defendants.

------------------------------------------------------------------X

**20-CV-11026 (GHW) (KHP)**

<u>**REPORT & RECOMMENDATION**</u>

**TO:**    **THE HONORABLE GREGORY H. WOODS, United States District Judge**
**FROM: THE HONORABLE KATHARINE H. PARKER, United States Magistrate Judge**

Plaintiffs, all former employees of the Defendants,[1] filed this action asserting violations of the Fair Labor Standards Act and the NYLL, arising from Defendants' various alleged unlawful employment practices. (ECF No. 1.)  On September 23, 2021, the Honorable Gregory H. Woods referred this matter to the undersigned for general pretrial matters.  Defendant has requested that the Court dismisses the Complaint against Defendant Igor Segota ("Segota") pursuant to Fed. R. Civ. P. 12(b)(5) or 12(c) for failure to effect service of the Complaint pursuant to Federal Rule of Civil Procedure 4(m).  (ECF No. 36-3; conference transcript from Oct. 21, 2021

---

[1] Plaintiffs bring this complaint against Defendants Manna 2nd Avenue LLC d/b/a Gina La Fornarina; Manna Madison Avenue LLC d/b/a Gina La Fornarina; Manna Parc 61 LLC d/b/a Gina Mexicana; Mamexicana LLC d/b/a Gina Mexicana; Manna Lexington Avenue LLC d/b/a Gina La Fornarina; West D&P LLC d/b/a Gina Fornarina; Mamericana 92 LLC d/b/a Gina Americana; and Manna Amsterdam Avenue LLC d/b/a Gina La Fornarina; Enterprise Restaurant LLC d/b/a Amaranth, and Paola Pedrignani, Igor Segota and Jean Francois Marchand. As of September 28, 2021, the Court granted Plaintiffs' motion to substitute Marie Marchand for Jean Francois Marchand. (ECF No. 45.)

Conference.)  For the reasons set forth below, I respectfully recommend that Defendant Igor Segota be dismissed from this case for lack of service.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs' filed a complaint on December 31, 2021. (ECF No. 1.)  On the same day, Plaintiff requested an issuance of summons for Igor Segota. (ECF No. 3.)  An electronic summons was issued on January 13, 2021, but an affidavit of service was never filed confirming that service was effectuated. (ECF No. 7.)  Notably, Plaintiff filed proof of service on other defendants on February 6, 2021.  (ECF Nos. 8-16.)  By letter to the Honorable Gregory H. Woods, dated May 17, 2021, counsel for Segota filed a letter stating that Segota had not been served with the Complaint. (ECF No. 25.)  On the same day, Plaintiff filed a notice of motion for extension of time to effectuate service for Segota. (ECF No. 26.)  Plaintiff maintains that he attempted to serve Segota at his place of business and residential address, and that eventually an attorney – who was not representing Segota – said Segota had repatriated to Croatia, and did not have an address for him. (ECF No. 29 at p. 3.)  Plaintiffs subsequently filed a letter for a pre-motion conference requesting an extension of time to serve and to serve process by an alternate method.  Defendant Segota also requested a promotion conference for purposes of obtaining permission to move to dismiss the complaint pursuant to Rule 12.  The Honorable Gregory H. Woods held that a pre-motion conference was not necessary, noting there was a separate motion by Plaintiffs to permit alternate service and an extension of time to serve that would moot the proposed motion to dismiss.  He then referred the matter to the Honorable Ona T. Wang to resolve the service/dismissal issues.   (ECF No. 30.)

The Honorable Ona T. Wang denied Plaintiffs' Motion for an extension of time to serve Segota and to serve by alternate methods on the grounds that Plaintiffs' motion was untimely. (ECF No. 33.)

On June 4, 2021, the Honorable Ona T. Wang ordered the Plaintiffs to show cause why Defendant Segota should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m) and/ or failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (ECF No. 34.) In response, Plaintiff argued that service in this situation falls under Federal Rule of Civil Procedure 4(f) governing service in foreign countries, which does not contain a 90-day time limit, based on hearsay information obtained from an attorney who did not represent Segota that Segota was living in Croatia. (ECF No. 35.) In the alternative, Plaintiff suggested that the Court should not dismiss Segota for untimely service and should instead order alternative service upon Segota through counsel. Defendant Segota, through counsel, provided an affidavit attesting that Segota "resides in New York, and is currently in New York, and so Plaintiffs' motion is factually baseless." (ECF No. 36-1.) Defendant argues that Plaintiff failed to demonstrate good cause for failure to serve pursuant to Fed. R. Civ. P. 6(b) and therefore should be dismissed. (*Id*.)

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Rule 4 of the Federal Rules of Civil Procedure. Once "a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005) (parentheses omitted)). A court analyzes a Rule 12(b)(5) motion to dismiss for insufficient service of process by looking to Rule 4, which

"governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) (citing Fed. R. Civ. P. 4) (citations and internal quotation marks omitted).

Separately, the Court *must* dismiss an action if service is untimely.  Fed. R. Civ. P. 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "[D]istrict courts have the discretion to grant extensions of the service period even when there is no good cause shown." *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (citing *Henderson v. United States*, 517 U.S. 654, 662–63 (1996) (citations omitted)).  Judge Wang already found that service was untimely and that Plaintiffs' motion for an extension of time to serve was untimely.  The only question remaining is whether Plaintiffs have demonstrated good cause for their failure to serve.  Judge Wang's Order to Show Cause (ECF No. 34.) asked Plaintiff to show good cause to avoid dismissal.  Their submission fails to meet the good cause standard.

## DISCUSSION

As a preliminary matter, the Defendant's affidavit provides that Segota resides in New York, and, as of June 9, 2021, was currently in New York.  (ECF No. 36-1.)  Accordingly, Federal Rule of Civil Procedure 4(m) – and not 4(f) – governs this case.  Thus, Plaintiffs' reliance on Rule 4(f) is inapplicable.  Rule 4(m) applies.

Plaintiffs filed the Complaint in this action on December 31, 2020. (ECF No. 1.)  Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs were required to serve the Complaint on Segota within ninety days of its filing, *i.e.* by March 31, 2021.  Plaintiffs did not do so.  It was only after Segota sought dismissal of the action on May 21, 2021 that Plaintiffs sought an extension of time to serve and an alternate method of service.

Good cause to excuse a failure to effect service exists only in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013) (quoting *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999)).  A "party seeking a good cause extension bears a heavy burden of proof," which is not satisfied by "a showing that the plaintiff encountered some unanticipated difficulty." *Spinale v. United States,* No. 03 Civ. 1704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005).  An attorney's inadvertence, neglect, or mistake is not good cause. *Ping Chen*, 966 F. Supp. 2d at 306.

Here, Plaintiff argues that courts have discretion to extend the time for service if there is "some colorable excuse for neglect" and that their attempts to serve Segota and untimely motion for alternative service constitute good cause. (ECF No. 35.)  However, Plaintiffs motion for alternative service was not filed until after the ninety-day deadline already expired. Moreover, Plaintiffs do not appear to have requested that Segota's counsel accept service for Segota or affirmatively reached out to her until after expiration of the time for serving Segota, instead choosing to rely on the representations of counsel for other Defendants about Segota's whereabouts to support a late motion to extend time to serve.  (*See* ECF No. 28 ¶¶ 12; 27.)

Plaintiffs' counsel continued to rely on misinformation from other Defendants' counsel in June 2021 to urge the Court to apply Rule 4(f), not Rule 4(m), when he knew the identity of Segota's counsel and had even communicated with her.  (ECF No. 35.)  Moreover, there is no indication that Segota attempted to conceal the defect in service; to the contrary, Plaintiffs' counsel was aware of the name of his attorney before the time for service expired.

Plaintiffs' counsel's inadvertence to not request leave to file a waiver of service or an extension of time to serve Segota until *after* the ninety-day deadline had already passed and when he knew the identity of Segota's counsel and instead chose to rely on misinformation from another party's attorney is not good cause.  Nor does counsel provide any colorable excuse for this neglect.  *See Am. Commercial Barge Line Co. v. Tug Joan Salton*, No. 99 Civ. 846 (RCC), 2001 WL 262724, at *4 (S.D.N.Y. Mar. 16, 2001) (denying request for leave to effect service made nine months after filing of original complaint, *id.* at *2, 5).

To the extent Plaintiffs argue that Defendant would not be prejudiced by further delay, this argument is unpersuasive.  A lack of prejudice is not itself an excuse for failure to serve on time. *Kogan,* 334 F.R.D. at 403. "[T]hose courts which considered prejudice to defendants did so only after finding that plaintiff had been diligent in attempting to make service," as "any inquiry into prejudice can be made only after a determination that plaintiffs' failure to serve process was not a result of negligence." *Koppelman v. Schaller*, No. 87 Civ. 7912 (MBM), 1988 WL 98781, at *3 (S.D.N.Y. Sept. 14, 1988); *see also DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) ("In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay.").  Here, Plaintiffs have not made any such showing.  Accordingly, the Court

recommends dismissing Defendant Segota from this action for failure to timely effect service under Fed. R. Civ. P. 4(m) and failure to demonstrate good cause for this failure.

**CONCLUSION**

For the aforementioned reasons, I respectfully recommend that Defendant Segota be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m), 41(b), and Rule 12(b)(5).

DATED:      New York, New York
            October 22, 2021

Respectfully submitted,

_____
KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE**

**The Defendant shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (*i.e.,* until February 5, 2017). *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). Plaintiff shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (*i.e.,* until February 2, 2017).**

**If the Defendant files written objections to this Report and Recommendation, the Plaintiff may respond to the Petitioner's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Alternatively, if Plaintiff files written objections, the Defendant may respond to such objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Gregory H. Woods at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Woods. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).**