UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

ALFREDO BELLO HERRERA, and,
ANGELO BELLO SILVA,
*individually and on behalf of others similarly
situated,*

                            Plaintiffs,

                -against-

MANNA 2ND AVENUE LLC
     d/b/a Gina La Fornarina;
MANNA MADISON AVENUE LLC
     d/b/a Gina La Fornarina;
MANNA PARC 61 LLC
     d/b/a Gina Mexicana;
MAMEXICANA LLC
     d/b/a Gina Mexicana;
MANNA LEXINGTON AVENUE LLC
     d/b/a Gina La Fornarina;
WEST D&P LLC
     d/b/a Gina La Fornarina; and
MAMERICANA 92 LLC
     d/b/a Gina La Fornarina;
MANNA AMSTERDAM AVENUE LLC
     d/b/a Gina La Fornarina;
ENTERPRISE RESTAURANT LLC
     d/b/a Amaranth;
PAOLA PEDRIGNANI,
IGOR SEGOTA, and
JEAN FRANCOIS MARCHAND,

                       Defendants.

--------------------------------------------------------------------X

Index No. **20-cv-11026**

<u>AFFIDAVIT OF</u>
<u>BILJANA STOJANOVIC</u>

STATE OF NEW YORK      )
                           ) SS:
COUNTY OF NEW YORK   )

*BILJANA STOJANOVIC*, being duly sworn deposes and says:

1.    I am an individual residing in Brooklyn, New York.    I make this affidavit in opposition to plaintiffs' motion for conditional collective certification.

2.    I have been employed by the Gina Group restaurants as a Manager since December 2015.    In this capacity, I am involved in assisting in the management and operation of each of the restaurants in the Gina Group. I am responsible for setting employee schedules, hiring new staff, employee discipline, payroll and ordering supplies. I report directly to Paola Pedrignani.

3.    When I first started working for the Gina Group, it consisted of seven (7) small Italian and Mexican restaurants located in Manhattan.  An eighth location later opened and another location was closed.   Business conditions began deteriorating in late 2017, and got even worse during COVID. As a result, we have had to shut six (6) of the eight (8) restaurants, and currently only two (Gina La Fornarina Madison Avenue and Gina Mexicana 61st Street) are still operating.

4.    I personally know and worked with both of the plaintiffs in this action. Alfredo Bello Herrera ("Alfredo") worked as the Manager of Purchasing from the time I started until late 2019.  In that capacity, he was responsible for all of the purchasing for the Gina Group restaurants.  He worked directly with the chefs at each restaurant and determined what items needed to be purchased.  I have first-hand knowledge that Alfredo exercised his own discretion in deciding what products to purchase and from which vendors.  I also know that he was involved in the management and operation of each of the restaurants, and in particular the kitchens.  He was responsible for evaluating the chefs, hiring new chefs when necessary and addressed any problems the chefs had with the kitchen staff or restaurant operations.

5.    Like me, Alfredo was treated as a managerial exempt employee, and was paid on a weekly salary basis.

2

6.     Angelo Bello Silva ("Angelo") is Alfredo's son and worked for a number of years at Gina Mexicana on 61st Street as a part time delivery person.

7.     I am informed that Alfredo and Angelo contend that they also worked during the period in question for Amaranth restaurant. This is completely and demonstrably false.

8.     I am aware that Ms. Pedrignani has owned an interest in Amaranth restaurant since the time I started working for the Gina Group. I know that the Gina Group has never had any involvement at all with Amaranth restaurant. Neither I nor any of the other managers for the Gina Group have ever worked for Amaranth restaurant, and no manager from Amaranth has ever been involved in the the Gina Group restaurants' operations.

9.     I am aware that there has never been any interchange of employees between Amaranth restaurant and the Gina Group restaurants. I am further aware that none of the supplies for the Gina Group restaurants are purchased together with Amaranth and that Amaranth's supplies are not delivered to any of the Gina Group restaurants. We do not jointly advertise with Amarynth restaurant, and our website does not mention Amaranth restaurant.

10.     Finally, sometime in early 2019 I was advised by Ms. Pedrignani that management wanted all employees of the Gina Group to execute arbitration agreements. I was provided with written arbitration agreements for each of the Gina Group restaurants, printed in English and Spanish. I personally provided copies of the agreements to many employees and directed other managers to do the same. Employees were told to take their time, read the document carefully and, if they agreed, to sign their name on an English or Spanish version, depending upon the language they were most comfortable with.

_BStojanović 12/17/21_
BILJANA STOJANOVIC

Sworn to before me this
17th day of December, 2021

Notary Public

TRAM D. LOPRESTO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LO6291464
Qualified in New York County
My Commission Expires 02-26-2022

4