**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ALFREDO BELLO HERRERA, and
ANGELO BELLO SILVA,
*on their own behalf and on behalf of others similarly situated*

                    Plaintiffs,

                    v.       **Case No. 20-cv-11026**

MANNA 2ND AVENUE LLC
    d/b/a Gina La Fornarina;
MANNA MADISON AVENUE LLC
    d/b/a Gina La Fornarina;
MANNA PARC 61 LLC
    d/b/a Gina Mexicana;
MAMEXICANA LLC
    d/b/a Gina Mexicana;
MANNA LEXINGTON AVENUE LLC
    d/b/a Gina La Fornarina;
WEST D&P LLC
    d/b/a Gina La Fornarina; and
MAMERICANA 92 LLC
    d/b/a Gina Americana;
MANNA AMSTERDAM AVENUE LLC
    d/b/a Gina La Fornarina;
ENTERPRISE RESTAURANT LLC
    d/b/a Amaranth;
PAOLA PEDRIGNANI,
IGOR SEGOTA, and
JEAN FRANCOIS MARCHAND,

                    Defendants.
----------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO COMPEL PLAINTIFF TO ARBITRATION**

TROY LAW, PLLC
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................ 4
**STATEMENT OF FACTS** ........................................................................................................ 5
**ARGUMENT** ............................................................................................................................. 6
    I.   The Arbitration Agreement is Void Under the Contract Law ..................................... 6
    II.  Defendants have waived their Right to Arbitrate their Claims ................................. 9
**CONCLUSION** ....................................................................................................................... 12

**TABLE OF AUTHORITIES**

Cases

(*State Farm Mut. Auto. Ins. Co. v. McGee* , 2012 U.S. Dist. LEXIS 87821 (E.D.N.Y. June 25, 2012) ........................................................................................................................... 11
*(State Farm Mut. Auto. Ins. Co. v. McGee*, 2012 U.S. Dist. LEXIS 87821 (E.D.N.Y. June 25, 2012) ........................................................................................................................... 10
*Applied Energetics, Inc. v. New Oak Capital Markets, LLC*, 645 F. 3d 522 (2d Cir. 2011) .......... 9
*Bell v. Cendant Corp.*, 293 F. 3d 563 (2d Cir. 2002) ..................................................................... 8
*Bensadoun v. Jobe-Riat*, 316 F. 3d 171 (2d Cir. 2003) .................................................................. 8
*God's Battalion of Prayer Pentecostal Church, Inc. v. Miele Assocs., LLP*, 6 N.Y. 3d 371 (N.Y. 2006) ........................................................................................................................... 8
*Louisiana Stadium*, 626 F.3d at 159 ............................................................................................ 10
*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983) ................................. 7
*Opals on Ice Lingerie, Designs by Bernadette, Inc. v. Bodylines Inc.*, 320 F.3d 362 (2d Cir. 2003) ............................................................................................................................. 8
*PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997) ......................... 10
*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967) ......................................... 8
*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) ............................................................ 8
*Specht v. Netscape Commc'ns Corp.,* 306 F. 3d 17 (2d Cir. 2002) ............................................... 8
*Thyssen, Inc. v. Calypso Shipping Corp.*, S.A., 310 F.3d 102, 105 (2d Cir.2002) ....................... 11
*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995) ..................................................... 8
*Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F. 2d 840 (2d Cir. 1987) ........................................ 7

Statutes

9 U.S.C. § 2 .................................................................................................................................. 10
9 U.S.C. § 4 .................................................................................................................................... 8
9 U.S.C. §§ 3, 4 .............................................................................................................................. 7

Other Authorities

Federal Arbitration Act ("FAA") ................................................................................................. 10
Section 4 of Title 9 of the United States Code .............................................................................. 7

Plaintiffs Alfredo Bello Herrera and Angelo Bello Silva respectfully submit this Memorandum of Law in Opposition to Defendants Motion to Compel Plaintiffs to Arbitration. For the reasons stated below Defendants Motion should be denied in its entirety.

**PRELIMINARY STATEMENT**

Through sworn Affidavits from the Plaintiffs, plaintiffs can prove that Defendants acted in bad faith regarding the Arbitration Agreement that Plaintiffs signed for defendants only provided Plaintiffs with the first and last pages of the document. Plaintiffs have both stated in their affidavits in opposition to defendants' motion that all they were given of the agreement was the first and last page of the agreement. *See* Alfredo Aff. ¶ 2 and Angelo Aff. ¶ 6. Additional during the time of them signing the agreement they were not given time to review the agreement or the contents in its entirety. *See* Alfredo Aff. ¶ 10 and Angelo Aff. ¶ 8.

Further to the contrary of what defendant's state, even if plaintiffs understood the language of the first page, plaintiffs were just signing the papers for that is what they were told to do. As plaintiffs stated before they were not given any time to review the papers and were not given any copy of the agreement after the fact. Since Plaintiff were not given any copy of the agreement that they signed or understood the contents of what they signed, plaintiffs would have never been aware that they were signing an arbitration agreement at the time.

Finally, plaintiffs have firm ground to state that they would be prejudiced if they were to proceed with Arbitration because there has been much litigation in this case prior to Defendants filing their motion. To the contrary of what defendants suggest, plaintiffs have engaged in discovery, served their document production on Defendants and even engaged in Motion practice all before plaintiffs filed their Motion. Defendants here have completely misled the court in stating that Plaintiffs have stalled the prosecution of the case for it is the opposite and defendants have failed to respond to Plaintiff's discovery demands. Plaintiffs would be prejudiced if they had to

begin the litigation process all over again for defendants' failure to bring the arbitration agreements to the courts attention earlier.

## STATEMENT OF FACTS

Plaintiffs Alfredo Herrera and Angelo Silva both remember signing pieces of paper that they are now aware are Arbitration Agreements on January 11, 2019 for Alfredo Herrera and January 12, 2019 for Angelo Bello Silva. At the time of the signing both plaintiffs remember only being handed the first and last pages of the Agreement and no other papers. Further during both instances, plaintiffs were given no time to review any of the contents of the two pages that they were given but asked to sign on the spot. Additionally, plaintiff Angelo Bello Silva remembers asking the person who gave him the papers to sign, Jose the captain – head waiter at Manna Gina 61st Street location, what he was signing and he just stated to just sign the paper. After plaintiffs signed the pieces of papers, they never received a copy of the papers that they signed and were not aware of any other pages that existed between the two pieces of paper.

On December 31, 2020, Plaintiffs filed a complaint against Defendants for their failure to pay plaintiffs minimum wage and overtime wages under the FLSA and NYLL. Defendants were served in the action on February 6, 2022 and filed their answer to Plaintiff's complaint on April 20, 2021. Following defendants filing their answer to Plaintiffs complaint, much of the case revolved around dismissed defendant Igor Segota and his motion to dismiss for insufficient service of process. In addition to this, the court ordered the parties to go to mediation during this time and the parties completed their pre-mediation conference on May 21, 2021. Following the pre-mediation conference that the parties had the court decided to set up an initial pretrial conference in the action on October 21, 2021 at 11:30 am. At the initial pretrial conference that the parties had, Defense counsel for Defendant Segota expressed to the court that there was still an outstanding Motion to Dismiss for Insufficient Process of Service. Further the parties

informed the judge that the parties would be completing mediation like they were required to do by the end of October.

The mediation that the parties had were unsuccessful and after the mediation the parties continued with the case with plaintiffs filing their Motion for Conditional Collective Certification on November 12, 2021 and also serving their discovery responses to Defendants on November 22, 2021. Defendants served their opposition to Plaintiff's motion on December 17, 2021 and Plaintiffs served their reply in further support of their Motion on January 6, 2022. Following Plaintiffs further reply in support of their Motion for Conditional Collective Certification, Defendants filed a Pre-Motion Conference letter requesting leave to file a Motion to Compel Plaintiff to Arbitration. Plaintiffs opposed Defendants pre motion letter and the parties had a conference with Honorable Katherine H. Parker on January 25, 2022 at 11:30 am. At the conference it was decided that defendants are to provide plaintiffs with the original copies of the arbitration agreement and that Plaintiff would file a letter by January 31, 2022 stating weather they would consent to arbitration or if they object to it. On January 31, 2022, Plaintiffs filed their letter stating that they would not consent to arbitration and on February 11, 2022 Defendants filed their Motion to Compel Plaintiffs to Arbitration.

## ARGUMENT
### I. The Arbitration Agreement is Void Under the Contract Law

Pursuant to Section 4 of Title 9 of the United States Code, "a district court must enter an order to arbitrate or failure to comply therewith is not in issue." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 22 n. 27 (1983) (parallel citations and quotation marks omitted). Under the Federal Arbitration Act (9 U.S.C. §§ 3, 4), "a court asked to stay proceedings pending arbitration in a case covered by the Act has essentially four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of the

agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then determine whether to stay the balance of the proceedings pending arbitration." *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F. 2d 840, 844 (2d Cir. 1987) (citations omitted).

"The determination of whether parties have contractually bound themselves to arbitrate a dispute—a determination involving interpretation of a state law—is a legal conclusion." *Specht v. Netscape Commc'ns Corp.,* 306 F. 3d 17, 26 (2d Cir. 2002). In making that determination, "the court applies a standard similar to that applicable for a motion for summary judgment. If there is any issue of fact as to the making of the agreement for arbitration, then a trial is necessary." *Bensadoun v. Jobe-Riat*, 316 F. 3d 171, 175 (2d Cir. 2003) (citing 9 U.S.C. § 4). Arbitration agreements are contract, "on equal footing with other contracts," so courts must "enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (internal citation omitted). Indeed, the purpose of the FAA was to make arbitration agreements as enforceable as other contracts, but not more so." *Opals on Ice Lingerie, Designs by Bernadette, Inc. v. Bodylines Inc.*, 320 F.3d 362, 369 (2d Cir. 2003) (emphasis in original) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402 n. 12 (1967). "That said, a party may be compelled to arbitrate a dispute only to the extent he or she has agreed to do so."

"[T]he ultimate question of whether the parties agreed to arbitrate is determined by state law." *Bell v. Cendant Corp.*, 293 F. 3d 563, 566 (2d Cir. 2002). Thus, "[w]hen deciding whether the parties agreed to arbitrate a certain matter," the court generally "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under New York Law, which is applicable to this case, "[a] party to

an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' clear, explicit and unequivocal agreement to arbitrate." *God's Battalion of Prayer Pentecostal Church, Inc. v. Miele Assocs., LLP*, 6 N.Y. 3d 371, 373 (N.Y. 2006) (quotations marks omitted).

Although there is a presumption in favor of arbitrability, that presumption does not apply to this issue: "the presumption in favor of arbitrability should only applied 'where a validly formed and enforceable arbitration agreement is ambiguous about whether it covers the dispute at hand.' In other words, while doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitration has been made." *Applied Energetics, Inc. v. New Oak Capital Markets, LLC*, 645 F. 3d 522, 526 (2d Cir. 2011). Further, under New York law, a contract or release, the execution of which is induced by duress, is voidable. *VKK Corp. v. NFL*, 244 F.3d 114, 122 (2d Cir. 2001).

Here in this case, Plaintiffs never agreed to arbitrate their claims for Plaintiffs were not even aware that they were signing an arbitration agreement. As plaintiffs have stated all they were asked to do was sign two pieces of paper and nothing else. There were no other papers that plaintiffs say and also plaintiffs were never provided with copies of at the very least the papers that they signed. Although the language that on the papers were in a language the plaintiffs could understand, the court should still conclude that the plaintiffs were not aware what they were signing on the grounds that they were given no sufficient time to review the documents and were asked to sign the papers right on the spot. Further, the court should conclude that plaintiffs never agreed to arbitrate their claims for they were not even aware that they were signing an arbitration agreement.

Additionally, under New York Law the plaintiffs can not be compelled to arbitrate their claims for there is no evidence that shows there was an equivalent agreement to arbitrate the claims. Defendants present that they have arbitration agreements but plaintiffs state that they never got a copy of the arbitration agreement and also at also were not fully aware of what they were signing off to. It should not be enough for Defendant to state that because Plaintiffs signed the arbitration agreement that they ultimately agreed to arbitrate their claims because this would be false. Plaintiffs never agreed to arbitrate their claims and the court should conclude that there was not an equivalent agreement to arbitrate their claims between the parties.

## II. Defendants have waived their Right to Arbitrate their Claims

The Federal Arbitration Act ("FAA") requires a federal court to enforce an arbitration agreement and stay litigation that contravenes it. See 9 U.S.C. § 2 ("A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable . . . ."). It is well-established that federal public policy strongly favors arbitration. However, where a party has a right to submit a dispute to arbitration as an alternative to litigation, the opportunity to exercise that right is not indefinite. By engaging in litigation that prejudices the opposing party, a party may be deemed to have waived the right to arbitration. *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997) ("[A] party waives its right to arbitration when it engages in protracted litigation that prejudices the opposing party."). (*State Farm Mut. Auto. Ins. Co. v. McGee*, 2012 U.S. Dist. LEXIS 87821 (E.D.N.Y. June 25, 2012)).

In determining whether a party has waived its right to arbitration, courts in this Circuit consider the following three factors: (1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and

discovery; and (3) proof of prejudice. *Louisiana Stadium*, 626 F.3d at 159 (citations omitted). "Generally, waiver is more likely to be found the longer the litigation goes on, the more a party avails itself of the opportunity to litigate, and the more that party's litigation results in prejudice to the opposing party." *Thyssen, Inc. v. Calypso Shipping Corp.*, S.A., 310 F.3d 102, 105 (2d Cir.2002). (*State Farm Mut. Auto. Ins. Co. v. McGee* , 2012 U.S. Dist. LEXIS 87821 (E.D.N.Y. June 25, 2012)).

Regarding the first point, defendants now bring this Motion to compel Plaintiffs to arbitration months after the parties have engaged in discovery and after Plaintiffs filed their Motion for Conditional Collective Certification. Defendants had ample time to search for their arbitration agreements and failed to do this but only formally present it now to the court. Plaintiffs filed their complaint on December 30, 2020 and Defendants had from February 6, 2021, the date that the Defendants were served to present to the court that they had arbitration agreements for the plaintiff. Defendants though did not and the case went through mediation, an initial pretrial conference and even Plaintiffs filing a motion to finally bring to the courts attention that the plaintiffs signed an arbitration agreement. Even after though when they brough it up to Plaintiffs' counsel they still delayed in making a formal request to the court to compel plaintiffs to arbitration. Defendants disclosed there finding of the Arbitration Agreements to Plaintiff back on December 17, 2021 but waited almost a month until they decided to write to the court for a conference regarding their Motion to compel Plaintiffs to Arbitration. Should defendants have been serious about compelling plaintiffs to arbitrate for their claims they should have brought the motion swiftly or at the very least after their opposition to Plaintiff's motion for Conditional Collective Certification.

Regarding the second point there has been much litigation in the case since Defendants have present to the court their desire to compel plaintiff to arbitrate their claims. As the court is

aware the parties had a mediation in the matter in late October to try to resolve the case, and this would have been a perfect time to look for defendants to search for all the documents pertaining to the plaintiffs. They did not do this though and the parties continued with the case after the unsuccessful mediation to the initial pretrial conference. Here the Discovery schedule was set and also plaintiffs' motion for conditional collective certification briefing schedule was also set. It was at this point that Defendants should have been aware that they were going to have to produce some sort of documents to plaintiff's counsel and should have started looking. On November 22, 2021, plaintiffs served their discovery request to Defense counsel with having their responses due on December 21, 2021. Additionally, to plaintiffs serving their discovery request, plaintiffs also filed their Motion for Conditional Collective Certification on November 12, 2021. Defendants filed their opposition to Plaintiffs Motion and Plaintiffs served their further reply in support of their motion and it wasn't until after that when Defendants brough to the courts attention formally their request to compel Plaintiff to arbitration. As plaintiff has laid out above substantial litigation has taken place in the case with plaintiffs being the proactive party and defendants stalling prosecution of the case. To the contrary of what defendant's state in their opening they have served no requests to plaintiffs, no responses to plaintiff's discovery requests and no document production to plaintiffs to date even though their discovery responses were due back on December 21, 2021. Defendants have misled the court to believe that there has been no significant litigation until now but it is quite the opposite, with Defendants being the one delaying the litigation of the case.

   Regarding to the final part plaintiffs would be prejudiced for plaintiffs have been litigating the case and the case has been going on for almost a year before plaintiffs brought up the arbitration agreements. For Defendants to state that no party would be prejudiced would be an understatement on the fact that so much has happened in the case and Defendants have failed to

bring this topic of arbitration until recently. Plaintiffs also should not bear the cost of Defendants negligence in keeping a hold of their records of their workers. Its defendant's responsibility to keep a hold of their records and make sure that they have all important documents handy at a moment's notice to present to their attorney so they can present it to the court. That did not happen here and Defendants waited months to present this information to plaintiff and the court and plaintiffs should not have to change paths a year into litigation because defendants seemed to stumbled onto plaintiffs' arbitration agreements. Plaintiffs should not bear the burden of having to go to Arbitration after they have served their discovery responses and the parties have had extensive litigation in the case and motion practice.

## **CONCLUSION**

For the above foregoing reasons Defendants Motion to Compel Plaintiffs to arbitration should be dismissed in its entirety.

Dated:   March 4, 2022                                              Respectfully submitted,
         Flushing, NY                                                   Troy Law, PLLC.

*Attorneys for Plaintiffs and proposed collective action members*

By:     /s/John Troy        

John Troy, Esq.

*JT/gd*