# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324  johntroy@troypllc.com  Fax: 718 762 1342

41-25 Kissena Blvd., Suite 110, Flushing, New York 11355

July 16, 2024

*Via Email*

Arbitrator Holly Weiss

HWH MEDIATION LLC

American Arbitration Association

120 Broadway, 21st Floor

New York, NY 10271

Re:     **Joint Letter Motion Requesting Arbitrator's Approval of
Settlement Agreement**
***BELLO SILVA et al. v MANNA 2ND AVENUE LLC d/b/a Gina La Fornarina et al.,
American Arbitration Association Case 01-22-0005-0178***

Dear Arbitrator Weiss:

The Parties write jointly to report that they have come to an agreement on settling this matter and submit this joint letter motion requesting the Arbitrator's approval of the Settlement Agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015).

## I.     Background

Claimant ANGELO BELLO SILVA (hereinafter "Claimant," "Plaintiff," or "BELLO SILVA") was allegedly employed by Respondents MANNA 2ND AVENUE LLC d/b/a Gina La Fornarina; MANNA MADISON AVENUE LLC d/b/a Gina La Fornarina; MANNA PARC 61 LLC d/b/a Gina Mexicana; MAMEXICANA LLC d/b/a Gina Mexicana; MANNA LEXINGTON AVENUE LLC d/b/a Gina La Fornarina; WEST D&P d/b/a Gina La Formarina; MAMERICANA 92 LLC d/b/a Gina Americana; MANNA AMSTERDAM AVENUE LLC d/b/a Gina La Fornarina; ENTERPRISE RESTAURANT LLC d/b/a Amaranth; PAOLA PEDRIGNANI, IGOR SEGOTA, and JEAN FRANCOIS MARCHAND, (collectively, "Respondents" or "Defendants"),

This lawsuit was originally filed on December 31, 2020, in the Southern District of New York, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, he is entitled to recover from the Respondents: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12

Arb.
~~Hon.~~ Hon. Holly Weiss
Page 2

New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Respondents: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Respondents' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Respondents' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) retaliatory reduction in hours due to his father's testimony in a different action, (8) 9% simple prejudgment interest provided by NYLL, (9) post-judgment interest, and (10) attorney's fees and costs. Respondents deny all of Plaintiff's claims in their entirety.

Before this matter was arbitrated, Defendant Igor Segota moved to dismiss the complaint against him, which was granted. Thereafter, the remaining Defendants moved to compel arbitration and on July 18, 2022, the Court granted Respondents' motion, stayed the case pending the outcome of the arbitration proceedings and ordered the parties to submit a joint status letter no later than the earlier of (a) February 30, 2023 or (b) seven days after the culmination of those proceedings. On December 2, 2022, ANGELO BELLO SILVA, filed a Demand for Arbitration with the American Arbitration Association.

## II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of One Hundred Thousand Dollars ($100,000.00) (inclusive of Claimant's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a hotly contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Claimant claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excess of forty hours (40) in a given workweek. If this settlement agreement is not approved, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the

Avb.
Hon. Holly Weiss
Page 3

Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Claimant's Assessment

Claimant's counsel evaluated Claimant's potential damages by discussing with Claimant in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Claimant are as follows:

From on or about April 2015 to November 2019, Claimant ANGELO BELLO SILVA was employed by Respondents to work as a Waiter and Deliveryman at one of Respondents restaurants located at 145 East 61st Street, New York, NY 10065. Claimant was initially hired to be a deliveryman, but later on Claimant primarily worked as a waiter, and would do deliveries as needed.

From April 2015 to August 2018, Claimant ANGELO BELLO SILVA's regular work schedule ran from 16:00 to 22:00 for six (6) hours per day for six (6) days a week, for thirty-six (36) hours each week. From in or around September 2018 to in or around April, 2019, Claimant ANGELO BELLO SILVA's regular work schedule ran for three (3) days a week, 16:00 to 22:00 for a "single shift" of six (6) hours on Friday plus two (2) single shifts from 16:00 to 22:00 or double shifts from 10:00 to 22:00 for between an additional twelve (12) to twenty four (24) hours a week. As a result, in or around September 2018 to April 2019, Claimant worked between eighteen (18) and thirty (30) hours a week. From in or around May 2019 to in or around August 2019, Claimant ANGELO BELLO SILVA's regular work schedule ran from 16:00 to 22:00 for six (6) hours per day for five (5) days per week from Wednesdays to Sundays with Monday and Tuesday off, for thirty (30) hours per week. In September 2019, Claimant ANGELO BELLO SILVA's regular work schedule ran for three (3) days a week, 16:00 to 22:00 for a "single shift" of six (6) hours on Friday, plus two (2) single shifts from 16:00 to 22:00 or double shifts from 10:00 to 12:00 for between an additional twelve (12) to twenty four (24) hours a week. As a result, in September 2019, Claimant worked between eighteen (18) and thirty (30) hours a week.

From on or about April 01, 2015 to December 31, 2019, Claimant ANGELO BELLO SILVA was paid a flat compensation at a rate of eight dollars ($7.50) per hour. From on or about April 01, 2015 to December 31, 2019 , Claimant ANGELO BELLO SILVA was paid a flat compensation at a rate of nine dollars ($9.00) per hour. From on

*Arb.*
Hon. Holly Weiss
Page 4

or about April 01, 2015 to December 31, 2019, Claimant ANGELO BELLO SILVA was paid a flat compensation at a rate of nine dollars ($9.15) per hour. From on or about April 01, 2015 to December 31, 2019, Claimant ANGELO BELLO SILVA was paid a flat compensation at a rate of eleven dollars ($10.50) per hour. At all relevant times, Claimant ANGELO BELLO SILVA was never informed of his hourly pay rate or any tip deductions toward the minimum wage. Further, at all relevant times, Claimant ANGELO BELLO SILVA had to help out of the floor with the deliveries, prepare the sauces, containers, and the utensils for the delivery bags as needed by the restaurant.

At all relevant times, Claimant ANGELO BELLO SILVA's non-tipped work exceeds two (2) hours or twenty percent (20%) of Claimant 's workday.

Throughout his employment, Claimant ANGELO BELLO SILVA was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Spanish, Claimant's native language.

After Claimant's father and co-claimant Alfredo Bello Herrera testified against respondents in the matter and told the truth as to the practices of Respondents, Respondents retaliated by cutting claimants hours. Specifically, in October 2019, Plaintiff had his three (3) days taken away, and Claimant was only given one (1) or two (2) Claimant to work. When Claimant confronted the manager DENNIS, Claimant was told business was getting slow. However, Claimant's work scheduled was divided amongst the other waiters, and as a result they worked more hours while claimant worked less hours that before. All the waiters other than Claimant already worked full time, for six (6) days a week and as a result of Respondents cutting Claimant's hours, the other waiters (7-8 full time waiters at Respondents location) would come in the morning or afternoon in addition, meaning that they would work double shifts instead of single shifts.

Claimant's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Claimant and Respondents agreed to settle for the proposed settlement amount of One Hundred Thousand Dollars ($100,000.00) inclusive of attorney fees of the Claimant 's counsel.

## B. Respondents' Assessment

Through the current state of discovery, Claimant's allegations have proven to be legally and/or factually meritless or otherwise exagerated.

Arb.
Hon. Holly Weiss
Page 5

By way of example, while Claimant claims to have been unaware of the tip credit taken by his employer (serving as the basis for his unpaid minimum wage claim), Claimant testified during his deposition that he was advised at the start of his employment that his wages would be subject to the tip credit. The Respondents have also produced a copy of the tip credit notice provided to him (in addition to the verbal notice he received at the start of his employment). Claimant also testified that he was not engaged in non-tipped duties for more than 20% of his shifts. As such, there is no basis for Claimant's unpaid minimum wage claims or the claim related to failure to provide a pay rate notice. Claimant also did not testify (nor do his allegations support) that he worked overtime (or was ever unpaid for overtime hours) and so that claim fails as well.

As to Claimant's retaliation claim, the claim is legally meritless on its face, as Claimant does not allege that *he himself* engaged in any protected activity under the NYLL (as is required to state a claim); rather, the allegation is that as a result of *his father's* testimony in an unrelated action, he suffered a retaliatory reduction in hours. Claimant confirmed during his deposition that he did not engage in any protected activity (consistent with the lack of protected activity alleged in the Complaint). As a result, there is no legal basis for this claim.

Finally, Claimant received paystubs (which Respondents assert are accurate and include the necessary information) and those paystubs reflect that to the extent he worked over 10 hours, he was paid spread of hours. Based on the foregoing, we believe that Claimant's claims in this regard are without merit.

We finally note that Claimant is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Claimant 's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Claimant is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Claimant and deterring wage violations.

To this same end, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Respondents showed that their action was in good faith and there was no willful underpayment. As such, Respondents are of the position that Claimant is not entitled to any liquidated damages.

### III.    The Attorneys' Fees Are Fair and Reasonable

Respondents will provide Claimant with a settlement in the amount of One Hundred Thousand Dollars ($100,000.00).

Arb.

Hon. Holly Weiss
Page 6

The out-of-pocket expenses, which are necessary and incidental to the representation of Claimant are documented to the amount of Two Thousand Five Hundred Twenty-Six Dollars And Twenty-Five Cents ($2,526.25). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Ninety-Seven Thousand Four Hundred Seventy-Three Dollars And Seventy-Five Cents ($97,473.75).

Of the Net Settlement Amount, One Third (1/3), or Thirty-Two Thousand Four Hundred Ninety-One Dollars And Twenty-Five Cents ($32,491.25), is due to Claimant's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Two Thousand Five Hundred Twenty-Six Dollars And Twenty-Five Cents ($2,526.25) for a total of Thirty-Five Thousand Seventeen Dollars And Fifty Cents ($35,017.50). Of the Net Settlement Amount, Two Thirds (2/3), or Sixty-Four Thousand Nine Hundred Eighty-Two Dollars And Fifty Cents ($64,982.50) is due to Claimant. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Claimant provided that Claimant's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Claimant's Counsel seeks only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek the Arbitrator's approval of the settlement.

Respectfully Submitted,

**TROY LAW PLLC**
*Attorneys for Claimant*

John Troy, Esq.
Aaron Schweitzer, Esq.
Tiffany Troy, Esq.
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel.: 718 762 1324

**Boyd Richards Parker & Colonnelli, P.L.**
*Attorneys for Respondents*

_/s/ Jacqueline L. Aiello_
Jacqueline L. Aiello, Esq.
Frederick Sung, Esq.
1500 Broadway, Suite 505
New York, NY 10036
Tel: 212-400-0626

# Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) ANGELO BELLO SILVA (hereinafter "Plaintiff" or "Claimant") (ii) MANNA 2ND AVENUE LLC d/b/a Gina La Fornarina; MANNA MADISON AVENUE LLC d/b/a Gina La Fornarina; MANNA PARC 61 LLC d/b/a Gina Mexicana and ; MAMEXICANA LLC d/b/a Gina Mexicana; MANNA LEXINGTON AVENUE LLC d/b/a Gina La Fornarina; WEST D&P d/b/a Gina La Formarina; MAMERICANA 92 LLC d/b/a Gina Americana; MANNA AMSTERDAM AVENUE LLC d/b/a Gina La Fornarina; and ENTERPRISE RESTAURANT LLC d/b/a Amaranth; PAOLA PEDRIGNANI, IGOR SEGOTA, and JEAN FRANCOIS MARCHAND (hereinafter, "Defendants" or "Respondents"), (Claimant and Respondents, collectively, "the Parties"); and

**WHEREAS,** ANGELO BELLO SILVA was employed for certain time periods as a waitstaff and deliveryman; and

**WHEREAS,** on December 31, 2020, ANGELO BELLO SILVA, together with ALFREDO BELLO HERRERA, through their attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), captioned: *Alfredo Bello Silva and Angelo Bello Silva v. Manna 2nd Avenue LLC d/b/a Gina La Fornarina et al.*; Case No.: 20-cv-11026 (the "Litigation");

**WHEREAS,** on July 18, 2022, Court granted Defendants' motion to compel arbitration, stayed the case pending the outcome of the arbitration proceedings and ordered the parties to submit a joint status letter no later than the earlier of (a) February 30, 2023 or (b) seven days after the culmination of those proceedings;

**WHEREAS,** on December 2, 2022, ANGELO BELLO SILVA, filed a Demand for Arbitration with the American Arbitration Association (the "Arbitration"; together with the Litigation, the "Action");

**WHEREAS,** Defendants deny all claims brought by ANGELO BELLO SILVA in the Complaint and the Arbitral Demand and Statement of Claims;

**WHEREAS,** the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS,** the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS,** Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 110, Flushing, NY 11355, Tel: 718 762 1324; and

**WHEREAS,** Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Jacqueline L. Aiello, Esq., Boyd Richards Parker & Colonnelli, P.L., 1500 Broadway, Suite 505, Tel: 212-400-0626, Email: jaiello@boydlawgroup.com and

1 of 14

WHEREAS, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

WHEREAS, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Settlement Amount.**

(a) In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all wage-and-hour claims only, as against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will pay Plaintiff the total amount of One Hundred Thousand Dollars ($100,000.00; the "Settlement Payment").

(b) The Settlement Payment shall be paid as follows, within thirty (30) days of the Effective Date, by mail or hand delivery:

i. One bank check made payable to "Troy Law, PLLC", representing their attorneys' fees, in the amount of Thirty-Two Thousand Four Hundred Ninety-One Dollars And Twenty-Five Cents ($32,491.25), for which Defendants shall issue a Form 1099;

ii. One bank check made payable to "Troy Law, PLLC", representing their out-of-pocket expenses, in the amount of Two Thousand Five Hundred Twenty-Six Dollars And Twenty-Five Cents ($2,526.25), for which Defendants shall issue a Form 1099; and

iii. One check payable to Angelo Bella Silva, in the total amount of Sixty-Four Thousand Nine Hundred Eighty-Two Dollars And Fifty Cents ($64,982.50), less applicable withholdings, for which Defendants shall issue a Form W-2, based on Plaintiff's Form W-4 it has on file.

2. **Confession of Judgment.** Defendants shall execute a Confession of Judgment for the amount of 1 and 1/2 times the unpaid amount of the Settlement Payment, as of the date the Confession of Judgment is filed, in the form annexed hereto as Exhibit A. Plaintiff's counsel shall hold the Confession of Judgment in escrow. In the event Defendants do not pay the Settlement Payment within the time frame set forth herein, Plaintiff shall provide Defendants, through their counsel by email and certified mail: Jacqueline L. Aiello, Esq., jaiello@boydlawgroup.com, 1500

2 of 14

Broadway, Suite 505, New York, NY 10036, a notice to cure allowing Defendants 14 days to cure such default. In the event Defendants do not cure the default within the 14-day Notice to Cure period, Plaintiff shall be entitled to enforce the Confession of Judgment in any court of competent jurisdiction in the State of New York. Upon the Settlement Amount being received by Plaintiff's counsel, Plaintiff shall provide Defendants' counsel with the Confession of Judgment and immediately destroy any copies made.

**3. Indemnification.**

a.    By signing this Settlement Agreement, the Defendants take no position and make no representations as to Plaintiff's characterization of the Settlement Payment or whether any part of the Settlement Payment paid pursuant to this Settlement Agreement should be characterized as wage income or non-wage income. Plaintiff acknowledges and agrees that he and his counsel determined the apportionment of the Settlement Payment and that Defendants have not provided any tax advice as it relates to the Settlement Payment. Each party shall be solely responsible for their own taxes and shall indemnify and hold harmless one another, and their respective, for any taxes, interest and penalties incurred by any party or their counsel as a result of the other party's failure to pay their taxes on the Settlement Payment to any local, state, or federal government.

b.    Plaintiff acknowledges and agrees that, except as expressly provided in this Agreement, he is not entitled to, and will not claim or receive, any additional compensation, wages, overtime, commissions, liquidated damages, bonuses, severance payments, vacation pay or benefits of any kind from the Defendants or any of their affiliates, predecessors, successors, owners, or employees, and that no contrary representations or promises to the contrary have been made by or on behalf of the Parties.

**4.    Consideration.** Plaintiff acknowledges and agrees that the Settlement Payment and other consideration set forth herein exceeds that to which Plaintiff would otherwise be entitled to receive without providing a release of wage and hour claims under the normal operation of Defendants' benefit plans, policies, and/or practices.

**5. Breach of Agreement/Attorneys' Fees.**

In the event of any litigation to enforce or regarding a breach of any of the terms of this Agreement, including but not limited to having to enforce the Confession of Judgment as outlined in paragraph 2 the prevailing party shall be entitled to receive from the other, reasonable attorneys' fees and costs up through and including the appellate process from a court of competent jurisdiction.

**6. Release.**

a.    In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives (together, the "Releasors"), hereby waive, discharge, and release: (i) PAOLA PEDRIGNANI, in her individual and corporate capacities, and her heirs, executors, administrators, attorneys, insurers, successors and assigns; (ii)

3 of 14

IGOR SEGOTA, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, insurers, successors and assigns; (iii) JEAN FRANCOIS MARCHAND, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, insurers, successors and assigns; (iv) MANNA 2ND AVENUE LLC d/b/a Gina La Fornarina and its future, current and former: parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, predecessors, successors, insurers, employee benefit plans, directors, officers, board members, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (v) MANNA MADISON AVENUE LLC d/b/a Gina La Fornarina and its future, current and former: parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, predecessors, successors, insurers, employee benefit plans, directors, officers, board members, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (vi) MANNA PARC 61 LLC d/b/a Gina Mexicana and its future, current and former: parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, predecessors, successors, insurers, employee benefit plans, directors, officers, board members, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (vii) MAMEXICANA LLC d/b/a Gina Mexicana and its future, current and former: parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, predecessors, successors, insurers, employee benefit plans, directors, officers, board members, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (viii) MANNA LEXINGTON AVENUE LLC d/b/a Gina La Fornarina and its future, current and former: parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, predecessors, successors, insurers, employee benefit plans, directors, officers, board members, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (ix) WEST D&P d/b/a Gina La Fornarina and its future, current and former: parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, predecessors, successors, insurers, employee benefit plans, directors, officers, board members, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (x) MAMERICANA 92 LLC d/b/a Gina Americana and its future, current and former: parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, predecessors, successors, insurers, employee benefit plans, directors, officers, board members, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xi) MANNA AMSTERDAM AVENUE LLC d/b/a Gina La Fornarina and its future, current and former: parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, predecessors, successors, insurers, employee benefit plans, directors, officers, board members, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (xii) ENTERPRISE RESTAURANT LLC d/b/a Amaranth and its future, current and former: parents, subsidiaries, divisions, branches, assigns, affiliated and related companies or entities, predecessors, successors, insurers, employee benefit plans, directors, officers, board members, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees (together, the "Releasees"); from any and all rights, causes of action, claims or demands, whether express or implied, known or unknown, that have arisen or may have arisen on or before the date that Plaintiff executes this Agreement, which Plaintiff has or may have against the Defendants and/or the Releasees, **only** as they relate to any claims that were or could have been asserted in this Action for unpaid wages or violations of the wage/hour laws, including, but not

limited to, any and all rights, causes of action, claims, demands, or attorneys' fees, relating to or arising under the Fair Labor Standards Act of 1938, the New York Labor Law, the New York Wage Theft Prevention Act, all as amended, or any other federal, state, or local law concerning payment or reporting of wages, any express or implied contract, as well as all claims for wages, compensation, benefits, commissions and expenses paid or unpaid during the term of his employment (the "Released Claims"). This release does not include a release of any rights Plaintiff may have under this Agreement.

b.      Plaintiff understands that he is releasing wage and hour claims about which Plaintiff may not know anything at the time Plaintiff executes this Agreement. Plaintiff acknowledges that it is Plaintiff's intent to release such unknown claims, even though Plaintiff recognizes that someday Plaintiff might learn new facts relating to Plaintiff's compensation during his employment or learn that some or all of the facts Plaintiff currently believes to be true are untrue, and even though Plaintiff might then regret having signed this Agreement. Nevertheless, Plaintiff acknowledges and is aware of that risk and agrees that this Agreement shall remain effective in all respects in any such case. Plaintiff expressly waives all rights Plaintiff might have under any laws intended to protect Plaintiff from waiving unknown wage and hour claims.

c.      Plaintiff acknowledges and agrees that the Settlement Amount represents the full extent of the Releasees' potential liability and payment obligations as to the Released Claims, inclusive of all costs and expenses, including attorneys' fees, associated with this Action and settlement thereof, and that Plaintiff is not otherwise entitled to anything of value from Releasees related to the Released Claims.

d.      Nothing herein shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency. However, to the maximum extent permitted by law, Plaintiff agrees that if an administrative claim or a claim in any other forum (including a class action) is made, Plaintiff shall not be entitled to recover any monetary relief or other remedies, whether individually or on a class-wide basis.

e.      To the best of Defendants' present knowledge, they do not have any claims to be asserted against Plaintiff; however, nothing in this Agreement shall prevent them from pursuing a claim against the Plaintiff.

**7.      Limited Confidentiality Provision.**
a.      Plaintiff acknowledges and agrees that it is his preference to include this limited confidentiality provision within the Agreement. The Settling Parties agree not to actively disseminate any information about the Agreement on social media, including but not limited to Facebook, WhatsApp, Instagram, or TikTok. Nothing herein shall be construed to prevent the Parties from disclosing the Agreement and underlying facts to such Settling Party's partners (as applicable), their immediate family members, tax advisors, shareholders and/or attorneys if such individuals agree to maintain such information confidentially, or for the sole purpose of making

required tax filings and/or corporate disclosures. If Claimant is required by law to produce a copy or to make such a disclosure relating to non-FLSA and/or NYLL claims, Claimant will give Respondents reasonable advance notice prior to such production or disclosure. This provision does not prohibit any Settling Party to this Agreement from testifying truthfully or producing information pursuant to a subpoena or as ordered by a court, other governmental authority, or the American Arbitration Association.

b.      Claimant further represents, warrants, and confirms that Claimant has not disclosed or discussed, orally or in writing, the negotiations and discussions leading to this Agreement the existence of this Agreement, or any of its terms or conditions with any person, organization, or entity other than Claimant's parents, partner, if applicable, attorney, or tax advisor.

c.      For the avoidance of doubt, the Settling Parties agree that, in response to a direct inquiry from any third party concerning the subject matter of the Action or this Agreement, or any alleged disagreement or dispute between or among Claimant on the one hand, and the Respondents or Respondents Releasees, on the other hand, it shall not be a violation of this Agreement for Claimant to respond "No comment" (or words to that effect) or to state that the Parties have reached an agreement that he believes is a fair and reasonable settlement of the disputed claims. Claimant may also refer the inquirer to Claimant's counsel or to the contents of publicly-filed documents (if applicable).

d.      Plaintiff has been given up to 21 days to consider the terms of this Agreement , including the confidentiality clause and has been advised to consult with an attorney before signing this Agreement. Once signed, Plaintiff shall have seven (7) days from the date he executes this Agreement to revoke his acceptance of it, by delivering written notice of revocation within the seven (7) day period to Jacqueline L. Aiello, Esq., Boyd Richards Parker & Colonnelli, P.L., 1500 Broadway, Suite 505, New York, NY 10036 and *via* email to jaiello@boydlawgroup.com (the "Revocation Period"). If Plaintiff does not revoke his acceptance within the Revocation Period, this Agreement will become irrevocable on the 8th day after he signs the Agreement. If Plaintiff revokes his acceptance of the Agreement, the Agreement shall become null and void and of no further force and effect. The Parties agree that in the event the Agreement is submitted to the Arbitrator for *Cheeks* approval prior to the conclusion of the Revocation Period, the Parties shall notify the Arbitrator of Plaintiff's revocation (if he chooses to revoke) and request that the review process cease and/or that any approval given by the Arbitrator of the Agreement's terms be nullified.

e.      Settling Parties agree that if this provision is deemed contrary to *Cheeks v. Freeport* and rejected or modified by the Arbitrator, that the striking and severance, or modification, of the provision in the Agreement shall not render the entire Agreement invalid and unenforceable.

## 8. Non-Disparagement Provision.

a.      Plaintiff agrees that Plaintiff will not, directly or indirectly, disparage or criticize Defendants Releasees, or encourage, induce or permit others to disparage Defendants Releasees. For the purposes of this Agreement, "disparage" shall mean remarks, comments, statements, or communications (in any form, including but not limited to written, oral, or electronic)

that: (i) reflect adversely upon the affairs or practices of the person or entity about whom remarks are made or (ii) impugn the character, honesty, integrity, morality, acumen, or abilities of the person or entity upon whom remarks are being made or upon whom remarks are being commented.

b.      Truthful statements about the Plaintiff's experiences in litigating his claims and defenses herein under the FLSA and NYLL, including Plaintiff's truthful statements about Respondents' alleged future violations of the FLSA and NYLL, shall not be deemed to be Disparaging Remarks under or otherwise a violation of, this Article. However, the Parties acknowledge and agree that there have been no findings of liability against the Defendants as it relates to Plaintiff's claims asserted in this Action.

## 9.  Neutral Reference Provision.

If a prospective employer of Plaintiff requests information regarding Plaintiff's work for the Defendants, the Defendants shall provide a neutral reference with Plaintiff's job title and dates of employment only. Plaintiff agrees to direct his prospective employers' inquiries to: Paola Padrignani; Phone: (917) 902-8947; Email: ppedrignan@aol.com. A breach of this provision of this Agreement shall be deemed a material violation of this Agreement.

## 10. Future Employment Provision.

a.      Defendant PAOLA PEDRIGNANI represents that she is currently affiliated with the following restaurants in New York, New York: MANNA MADISON AVENUE LLC d/b/a Gina La Fornarina and ENTERPRISE RESTAURANT LLC d/b/a Amaranth. Plaintiff recognizes that his employment with Respondents has ended and agrees to not seek future employment with said restaurants.

b.      Settling Parties agree that if this provision is deemed contrary to *Cheeks v. Freeport* and rejected or modified by the Arbitrator, that the striking and severance, or modification. of the provision in the Agreement shall not render the entire Agreement invalid and unenforceable.

## 11. Discontinuance of Claims.

a.      Plaintiff acknowledges and agrees that he is not presently aware of any legal proceeding other than the Litigation and Arbitration Demand pending between Plaintiff and/or his representatives and Defendants or the Releasees.

b.      The Parties agree to execute this Agreement without delay upon finalization of its terms. Upon its full execution, the parties shall jointly submit this Agreement to this Arbitrator for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). This Agreement shall not be effective until the following actions occur and will become effective on the later date the later of the two actions occurring: (a) this Agreement is approved by the Arbitrator; and (b) the conclusion of the Revocation Period without Plaintiff revoking the Agreement (the "Effective Date").

c.      Upon receipt and clearance of the Settlement Payment, Plaintiff agrees to dismiss, with prejudice, and withdraw the Litigation and Arbitration Demand by executing the Stipulation of Voluntary Discontinuance with Prejudice as to Plaintiff ANGELO BELLO SILVA in the form annexed hereto as Exhibit A ("Stipulation"), or in any other form which is required by the Court or the Arbitrator, which Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court, and through AAA' e-filing system, within five (5) days of receiving the Settlement Payment.

## 12.      Denial of Wrongdoing.

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

## 13.      Choice of Law and Forum.

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, this Agreement shall be resolved in the United States District Court for the Southern District of New York.

## 14.      Entire Agreement.

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

## 15.      Modification.

This Agreement may not be changed unless the change is in writing and signed by all Parties.

## 16.      General Provisions.

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

**17. Legal Counsel.**

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff hereby acknowledges that he is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

**18.    Execution.**

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**19.    Severability.** If any arbitrator, or court of competent jurisdiction, concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect.

**20.    Successors and Assigns.** This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

**21.    Assignment.** Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent, subsidiary, or affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successors.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

ANGELO BELLO SILVA

_Angelo Bello_
Dated:

JULY 16, 2024

**DEFENDANTS**

PAOLA PEDRIGNANI

*Paola Pedrignani*
Paola Pedrignani (Jul 16, 2024 12:22 EDT)

Dated: July 16, 2024

IGOR SEGOTA

Dated: 07/15/2024

MANNA 2ND AVENUE LLC d/b/a Gina La Fornarina

*Paola Pedrignani*
Paola Pedrignani (Jul 16, 2024 12:22 EDT)

Name: Paola Padrignani
Title:
Dated: July 16, 2024

MANNA MADISON AVENUE LLC d/b/a Gina La Fornarina

*Paola Pedrignani*
Paola Pedrignani (Jul 16, 2024 12:22 EDT)

Name: Paola Padrignani
Title:
Dated: July 16, 2024

MANNA PARC 61 LLC d/b/a Gina Mexicana

*Paola Pedrignani*
Paola Pedrignani (Jul 16, 2024 12:22 EDT)

Name: Paola Padrignani
Title:
Dated: July 16, 2024

MAMEXICANA LLC d/b/a Gina Mexicana

_Paola Pedrignani_
Paola Pedrignani (Jul 16, 2024 12:22 EDT)
Name: Paola Padrignani
Title:
Dated: July 16, 2024

MANNA LEXINGTON AVENUE LLC d/b/a Gina La Fornarina

_Paola Pedrignani_
Paola Pedrignani (Jul 16, 2024 12:22 EDT)
Name: Paola Padrignani
Title:
Dated: July 16, 2024

WEST D&P d/b/a Gina La Formarina

_Paola Pedrignani_
Paola Pedrignani (Jul 16, 2024 12:22 EDT)
Name: Paola Padrignani
Title:
Dated: July 16, 2024

MAMERICANA 92 LLC d/b/a Gina Americana

_Paola Pedrignani_
Paola Pedrignani (Jul 16, 2024 12:22 EDT)
Name: Paola Padrignani
Title:
Dated: July 16, 2024

MANNA AMSTERDAM AVENUE LLC d/b/a Gina La Fornarina

_Paola Pedrignani_
Paola Pedrignani (Jul 16, 2024 12:22 EDT)
Name: Paola Padrignani
Title:
Dated: July 16, 2024

ENTERPRISE RESTAURANT LLC d/b/a Amaranth

*Paola Pedrignani*
Paola Pedrignani (Jul 16, 2024 12:22 EDT)

Name: Paola Padrignani
Title:
Dated: July 16, 2024

EXHIBIT A.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
ALFREDO BELLO HERRERA, and
ANGELO BELLO SILVA,
on their own behalf and on behalf of others similarly
situated
Plaintiffs,
v.
MANNA 2ND AVENUE LLC
    d/b/a Gina La Fornarina;
MANNA MADISON AVENUE LLC
    d/b/a Gina La Fornarina;
MANNA PARC 61 LLC
    d/b/a Gina Mexicana;
MAMEXICANA LLC
    d/b/a Gina Mexicana;
MANNA LEXINGTON AVENUE LLC
    d/b/a Gina La Fornarina;
WEST D&P LLC
    d/b/a Gina La Fornarina;
MAMERICANA 92 LLC
    d/b/a Gina Americana;
MANNA AMSTERDAM AVENUE LLC
    d/b/a Gina La Fornarina;
ENTERPRISE RESTAURANT LLC
    d/b/a Amaranth;
PAOLA PEDRIGNANI,
IGOR SEGOTA, and
JEAN FRANCOIS MARCHAND,
                                         Defendants.
----------------------------------------------------------x

Case No. 20-cv-11026

**STIPULATION AND ORDER OF
DISMISSAL WITH PREJUDICE
AS TO PLAINTIFF ANGELO
BELLO SILVA ONLY**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel

for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the

Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or

13 of 14

attorneys' fees to any party, as to Plaintiff ANGELO BELLO SILVA <u>ONLY</u> or Defendants. This

Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.


TROY LAW, PLLC                                    Boyd Richards Parker & Colonnelli, P.L.
*Attorneys for the Plaintiff*                     *Attorneys for Defendants*



By: _____              _____
John Troy, Esq.                                   Jacqueline L. Aiello, Esq.
41-25 Kissena Blvd., Suite 110                    1500 Broadway, Suite 505
Flushing, NY 11355                                New York, NY 10036
Tel: 718 762 1324                                 Tel: 2124000626


SO ORDERED:


_____

# 00 Settlement Agreement Gina Manna 20240711-06J

Final Audit Report                                              2024-07-16

| | |
|---|---|
| Created: | 2024-07-16 |
| By: | Frederick Sung (fsung@boydlawgroup.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAApFKhrUA-tFEfmdPNikXhyQzTd75dXUzN |

## "00 Settlement Agreement Gina Manna 20240711-06J" History

📄 Document created by Frederick Sung (fsung@boydlawgroup.com)
2024-07-16 - 1:21:40 AM GMT

✉ Document emailed to Paola Pedrignani (ppedrignan@aol.com) for signature
2024-07-16 - 1:21:46 AM GMT

📄 Email viewed by Paola Pedrignani (ppedrignan@aol.com)
2024-07-16 - 4:20:52 PM GMT

✍ Document e-signed by Paola Pedrignani (ppedrignan@aol.com)
Signature Date: 2024-07-16 - 4:22:09 PM GMT - Time Source: server

✓ Agreement completed.
2024-07-16 - 4:22:09 PM GMT

**Adobe Acrobat Sign**

# Exhibit 2

Case *Bello Herrera v. Manna 2nd Avenue LLC* , No. 20-cv-11026 (GHW) (OTW)

Plaintiff Bello Silva, Angelo                                                                                                                20210528asb
Claims Wage-and-Hour
Consent
Filed 2020-12-31
FLSA
Limitations 2017-12-31
NYLL
Limitations 2014-12-31

| Period | Day | Time In | Time Out | Break Hours | Hours | Days Spread of Time > 10 Hours |
|---|---|---|---|---|---|---|
| 2015-04-01  2018-08-31 | Mon | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Tue | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Wed | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Thu | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Fri | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Sat | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Sun | | | | - | - |
| | | | | | 30.00 | - |

| | | Single Shifts | | | | | Double Shifts | | | | | Average | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Day | Time In | Time Out | Break Hours | Hours | Days Spread of Time > 10 Hours | Time In | Time Out | Break Hours | Hours | Days Spread of Time > 10 Hours | Hours | Days Spread of Time > 10 Hours |
| 2018-09-01  2019-04-30 Mon | 16.00 | 22.00 | 1.00 | 5.00 | - | 10.00 | 22.00 | 1.00 | 11.00 | 1 | 8.00 | 1 |
| Tue | 16.00 | 22.00 | 1.00 | 5.00 | - | 10.00 | 22.00 | 1.00 | 11.00 | 1 | 8.00 | 1 |
| Wed | | | | - | - | | | | - | - | - | - |
| Thu | | | | - | - | | | | - | - | - | - |
| Fri | 16.00 | 22.00 | 1.00 | 5.00 | - | 16.00 | 22.00 | 1.00 | 5.00 | - | 5.00 | - |
| Sat | | | | - | - | | | | - | - | - | - |
| Sun | | | | - | - | | | | - | - | - | - |
| | | | | 15.00 | - | | | | 27.00 | 2 | 21.00 | 1 |

| Period | Day | Time In | Time Out | Break Hours | Hours | Days Spread of Time > 10 Hours |
|---|---|---|---|---|---|---|
| 2019-05-01  2019-08-31 | Mon | | | | - | - |
| | Tue | | | | - | - |
| | Wed | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Thu | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Fri | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Sat | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | Sun | 16.00 | 22.00 | 1.00 | 5.00 | - |
| | | | | | 25.00 | - |

| | | Single Shifts | | | | | Double Shifts | | | | | Average | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Day | Time In | Time Out | Break Hours | Hours | Days Spread of Time > 10 Hours | Time In | Time Out | Break Hours | Hours | Days Spread of Time > 10 Hours | Hours | Days Spread of Time > 10 Hours |
| 2019-09-01  2019-09-30 Mon | 16.00 | 22.00 | 1.00 | 5.00 | - | 10.00 | 22.00 | 1.00 | 11.00 | 1 | 8.00 | 1 |
| Tue | 16.00 | 22.00 | 1.00 | 5.00 | - | 10.00 | 22.00 | 1.00 | 11.00 | 1 | 8.00 | 1 |
| Wed | | | | - | - | | | | - | - | - | - |
| Thu | | | | - | - | | | | - | - | - | - |
| Fri | 16.00 | 22.00 | 1.00 | 5.00 | - | 16.00 | 22.00 | 1.00 | 5.00 | - | 5.00 | - |
| Sat | | | | - | - | | | | - | - | - | - |
| Sun | | | | - | - | | | | - | - | - | - |
| | | | | 15.00 | - | | | | 27.00 | 2 | 21.00 | 1 |

**2019-10-01  2019-11-30**

| | | One Day | | | | | Two Days | | | | Average | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Day | Time In | Time Out | Break Hours | Hours | Days Spread of Time > 10 Hours | Time In | Time Out | Break Hours | Hours | Days Spread of Time > 10 Hours | Hours | Days Spread of Time > 10 Hours |
| Mon | 16.00 | 22.00 | 1.00 | 5.00 | - | 16.00 | 22.00 | 1.00 | 5.00 | - | 5.00 | - |
| Tue | | | | - | - | 16.00 | 22.00 | 1.00 | 5.00 | - | 2.50 | - |
| Wed | | | | - | - | | | | - | - | - | - |
| Thu | | | | - | - | | | | - | - | - | - |
| Fri | | | | - | - | | | | - | - | - | - |
| Sat | | | | - | - | | | | - | - | - | - |
| Sun | | | | - | - | | | | - | - | - | - |
| | | | | 5.00 | - | | | | 10.00 | - | 7.50 | - |

| | | | | | Fair Labor Standards Act ("FLSA") | | | | | New York Labor Law ("NYLL") | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Period | Hours / Week | Days Spread of Time > 10 Hours | Hourly Rate | Weeks / Period | Minimum Wage | Minimum Wage Shortfall / Week | Overtime Shortfall / Week | Total Shortfall / Week | Damages / Period | Liquidated Damages / Period | Minimum Wage | Minimum Wage Shortfall / Week | Overtime Shortfall / Week | Spread of Time Shortfall / Week | Total Shortfall / Week | Damages / Period | Liquidated Damages / Period |
| 2015-04-01  2015-12-30 | 30.00 | - | $ 5.00 | 39.14 | | | | | | | $ 8.75 | $ 112.50 | $ - | $ - | $ 112.50 | $ 4,403.57 | $ 4,403.57 |
| 2015-12-31  2016-07-17 | 30.00 | - | $ 7.50 | 28.57 | | | | | | | $ 9.00 | $ 45.00 | $ - | $ - | $ 45.00 | $ 1,285.71 | $ 1,285.71 |
| 2016-07-18  2016-07-24 | 38.35 | - | $ 7.50 | 1.00 | | | | | | | $ 9.00 | $ 57.53 | $ - | $ - | $ 57.53 | 57.53 | $ 57.53 |
| 2016-07-25  2016-09-25 | 30.00 | - | $ 7.50 | 9.00 | | | | | | | $ 9.00 | $ 45.00 | $ - | $ - | $ 45.00 | $ 405.00 | $ 405.00 |
| 2016-09-26  2016-10-02 | 12.50 | - | $ 9.00 | 1.00 | | | | | | | $ 9.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 2016-10-03  2016-10-16 | 30.00 | - | $ 9.00 | 2.00 | | | | | | | $ 9.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 2016-10-17  2016-10-23 | 12.50 | - | $ 9.00 | 1.00 | | | | | | | $ 9.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 2016-10-24  2016-10-30 | 11.37 | - | $ 9.00 | 1.00 | | | | | | | $ 9.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 2016-10-31  2016-11-06 | 13.18 | - | $ 9.00 | 1.00 | | | | | | | $ 9.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 2016-11-07  2016-11-13 | 17.55 | 1 | $ 9.00 | 1.00 | | | | | | | $ 9.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 2016-11-14  2016-11-20 | 30.00 | - | $ 9.00 | 1.00 | | | | | | | $ 9.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 2016-11-21  2016-11-27 | 21.78 | 1 | $ 9.00 | 1.00 | | | | | | | $ 9.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 2016-11-28  2016-12-30 | 30.00 | - | $ 9.00 | 4.71 | | | | | | | $ 9.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 2016-12-31  2017-03-19 | 30.00 | - | $ 9.00 | 11.29 | | | | | | | $ 11.00 | $ 60.00 | $ - | $ - | $ 60.00 | $ 677.14 | 677.14 |
| 2017-03-20  2017-03-26 | 16.00 | 1 | $ 9.15 | 1.00 | | | | | | | $ 11.00 | $ 29.60 | $ - | $ - | $ 29.60 | $ 29.60 | $ 29.60 |
| 2017-03-27  2017-04-23 | 30.00 | - | $ 9.15 | 4.00 | | | | | | | $ 11.00 | $ 55.50 | $ - | $ - | $ 55.50 | $ 222.00 | $ 222.00 |
| 2017-04-24  2017-04-30 | 19.00 | 1 | $ 9.15 | 1.00 | | | | | | | $ 11.00 | $ 35.15 | $ - | $ - | $ 35.15 | $ 35.15 | $ 35.15 |
| 2017-05-01  2017-05-28 | 30.00 | - | $ 9.15 | 4.00 | | | | | | | $ 11.00 | $ 55.50 | $ - | $ - | $ 55.50 | $ 222.00 | $ 222.00 |
| 2017-05-29  2017-06-04 | 18.00 | 1 | $ 9.15 | 1.00 | | | | | | | $ 11.00 | $ 33.30 | $ - | $ - | $ 33.30 | $ 33.30 | $ 33.30 |
| 2017-06-05  2017-06-11 | 18.00 | 1 | $ 9.15 | 1.00 | | | | | | | $ 11.00 | $ 33.30 | $ - | $ - | $ 33.30 | $ 33.30 | $ 33.30 |
| 2017-06-12  2017-12-30 | 30.00 | - | $ 10.50 | 28.86 | | | | | | | $ 11.00 | $ 15.00 | $ - | $ - | $ 15.00 | $ 432.86 | $ 432.86 |
| 2017-12-31  2018-08-31 | 30.00 | - | $ 10.50 | 34.86 | $ 7.25 | $ - | $ - | $ - | $ - | $ - | $ 13.00 | $ 75.00 | $ - | $ - | $ 75.00 | $ 2,614.29 | $ 2,614.29 |
| 2018-09-01  2018-12-30 | 21.00 | 1 | $ 10.50 | 17.29 | $ 7.25 | $ - | $ - | $ - | $ - | $ - | $ 13.00 | $ 52.50 | $ - | $ 13.00 | $ 65.50 | $ 1,132.21 | $ 1,132.21 |
| 2018-12-31  2019-04-30 | 21.00 | 1 | $ 10.50 | 17.29 | $ 7.25 | $ - | $ - | $ - | $ - | $ - | $ 13.00 | $ 52.50 | $ - | $ 13.00 | $ 65.50 | $ 1,132.21 | $ 1,132.21 |
| 2019-05-01  2019-08-31 | 25.00 | - | $ 10.50 | 17.57 | $ 7.25 | $ - | $ - | $ - | $ - | $ - | $ 13.00 | $ 62.50 | $ - | $ - | $ 62.50 | $ 1,098.21 | $ 1,098.21 |
| 2019-09-01  2019-09-30 | 21.00 | 1 | $ 10.50 | 4.29 | $ 7.25 | $ - | $ - | $ - | $ - | $ - | $ 13.00 | $ 52.50 | $ - | $ 13.00 | $ 65.50 | $ 280.71 | $ 280.71 |
| 2019-10-01  2019-11-30 | 7.50 | - | $ 10.50 | 8.71 | $ 7.25 | $ - | $ - | $ - | $ - | $ - | $ 13.00 | $ 18.75 | $ - | $ - | $ 18.75 | $ 163.39 | $ 163.39 |
| | | | | | | | | | $ - | $ - | | | | | | $ 14,258.20 | $ 14,258.20 |

| Period | Days / Period | Weeks / Period | Years / Period | | | NYLL Wage Notice Penalty | NYLL Wage Statements Penalty | NY Prejudgment Interest |
|---|---|---|---|---|---|---|---|---|
| 2015-04-01  2019-11-30 | 1,705 | 243.57 | 4.68 | | | $          5,000.00 | $        5,000.00 | $          3,005.38 |
| 2019-12-01  2024-02-26 | 1,549 | 221.29 | 4.26 | | | | | $          5,460.81 |
| | | | | | | | | $          8,466.20 |

| **TOTAL (NYLL Dam. / Pd. + NYLL Liq. Dam. / Pd. + NYLL Wage Notice Penalty + NYLL Wage Statements Penalty + NY Prejudgment Int.)** | **$          46,982.59** |
|---|---|

Case *Bello Herrera v. Manna 2nd Avenue LLC* , No. 20-cv-11026 (GHW) (OTW)

Plaintiff Bello Silva, Angelo
Claims Retaliation

20210528asb

| Period | Hours / Week | Weekly Rate | Hourly Wage | Weekly Take-Home Pay | Weekly Take-Home Pay @ Manna Gina, pre-hours reduction - Weekly Take-Home Pay | Weeks / Period | Lost Wages due to Retaliation | Liquidated Damages | |
|---|---|---|---|---|---|---|---|---|---|
| 2019-09-01  2019-09-30 | 21.00 | | $ 10.50 | $   220.50 | $                                           - | 4.29 | $          - | $          - | @Manna Gina, pre-hours reduction |
| 2019-10-01  2019-11-30 | 7.50 | | $ 10.50 | $     78.75 | $                                     141.75 | 8.71 | $   1,235.25 | $   1,235.25 | @Manna Gina, post-hours reduction |
| 2019-12-01  2020-02-29 | - | $   - | $   - | $        - | $                                     220.50 | 13.00 | $   2,866.50 | $   2,866.50 | @unemployed |
| 2020-03-01  2020-06-30 | 35.00 | | $ 15.50 | $   542.50 | $                                           - | 17.43 | $          - | $          - | @Maison Kayser bakery |
| 2020-07-01  2024-02-26 | - | $ 400.00 | $ 10.00 | $        - | $                                     220.50 | 190.86 | $  42,084.00 | $  42,084.00 | @unemployed |
| | | | | | | | $  46,185.75 | $  46,185.75 | |

# Exhibit 3

# Invoice

Tuesday, July 16, 2024

## TROY LAW, PLLC

41-25 Kissena Blvd.. Suite 110
Flushing. NY 11355
(718) 762-1324 | troylaw@troypllc.com

**Bill To:**

Customer Name

Customer Address

City, State, Zip                    , ,

**For Project**

AAA Manna Gina 01-22-0005-0178 Silva, Angelo Bello

| Employee | Date | Work Description | Billable | Rate | Fees | |
|---|---|---|---|---|---|---|
| John Troy13 | 11/01/22 | Draft AAA Demand | 1.10 | 650 | 715.00 | |
| John Troy13 | 11/28/22 | Review AAA Demand | 0.45 | 650 | 292.50 | |
| John Troy13 | 11/30/22 | Finalize the AAA Demand and File | 0.50 | 650 | 325.00 | |
| Aaron Schweitzer08 | 12/23/22 | review Order from AAA Office re Respondents Failure to Pay | 0.20 | 400 | 80.00 | |
| John Troy13 | 02/27/23 | Report Conflict Check list and email AAA | 0.33 | 650 | 214.50 | |
| John Troy13 | 02/27/23 | Review Arbitrators Names and Rank the Arbitrators Preference and Email the AAA | 0.75 | 650 | 487.50 | |
| Aaron Schweitzer08 | 03/01/23 | Review def Stauts Report to Court for AAA Maters | 0.40 | 400 | 160.00 | |
| John Troy13 | 03/16/23 | Nail Down Dates for IPTC | 0.25 | 650 | 162.50 | |
| John Troy13 | 03/21/23 | Draft and Propose OC Case Mgmt Plan for AAA | 1.05 | 650 | 682.50 | |
| John Troy13 | 03/21/23 | Confer OC via Email re Scheduling Order for AAA | 0.20 | 650 | 130.00 | |
| John Troy13 | 03/22/23 | Confer OC via Email re Finalising Scheduling Order for AAA | 0.45 | 650 | 292.50 | |
| Tiffany Troy05 | 03/23/23 | Attend Status Conf w OC and Arbitrator | 0.50 | 250 | 125.00 | |
| John Troy13 | 08/16/23 | Email OC re Setting Up Further Discovery Schedule | 0.25 | 650 | 162.50 | |
| John Troy13 | 08/17/23 | Send Follow Up email re Setting Up Discovery Schedule and Points at Upcoming Conference | 0.20 | 650 | 130.00 | |
| Tiffany Troy05 | 08/17/23 | Email Back and Forth w OC and Arbitrator Office No Conference on 20230818 | 0.25 | 250 | 62.50 | |
| John Troy13 | 08/17/23 | File Statement of Claims for Angelo Bello Silva | 0.30 | 650 | 195.00 | |
| John Troy13 | 08/17/23 | Draft Statement of Claims for Angelo Bello Silva | 2.90 | 650 | 1885.00 | |
| John Troy13 | 08/22/23 | Review Def Letter Motion to Sanction and Dismiss | 0.40 | 650 | 260.00 | |
| John Troy13 | 08/22/23 | Draft Opposiiton to Motion to Dismiss and Sanction and Cross Move to Extend Time to Complete Discovery | 3.45 | 650 | 2242.50 | |
| Tiffany Troy05 | 08/22/23 | Respond with Plaintiffs Avaliability for Status Conference | 0.20 | 250 | 50.00 | |
| Tiffany Troy05 | 08/24/23 | Attend Status Confernece w Arbitrator and OC | 0.75 | 250 | 187.50 | |

Make all checks payable to TROY LAW, PLLC.

If you have any questions concerning this invoice, contact (718) 762-1324 or troylaw@troypllc.com.

**We always appreciate your business!**

# Invoice

Tuesday, July 16, 2024

TROY LAW, PLLC

41-25 Kissena Blvd.. Suite 110
Flushing. NY 11355
(718) 762-1324 |  troylaw@troypllc.com

| | | | | | |
|---|---|---|---|---|---|
| Aaron Schweitzer08 | 08/24/23 | Attend Status Confernece w Arbitrator and OC | 0.75 | 400 | 300.00 |
| John Troy13 | 09/01/23 | Draft Plaintiff(s)' Interrogatories | 1.65 | 650 | 1072.50 |
| Preethi Kilaru4 | 09/01/23 | Review, Finalize and Send Plaintiff(s)' Rogs+DPR to OC | 0.30 | 200 | 60.00 |
| John Troy13 | 09/01/23 | Draft Plaintiff(s)' Doc Production Requests | 2.10 | 650 | 1365.00 |
| Preethi Kilaru4 | 09/05/23 | Download Def Rogs and DPR, Calendar Deadline 30 days wn Receipt | 0.45 | 200 | 90.00 |
| Tiffany Troy05 | 09/12/23 | Draft Discovery Responses for Angelo | 3.90 | 250 | 975.00 |
| Tiffany Troy05 | 09/14/23 | Verify Finalized Response to D's Rogs + Doc Production Requests with Client | 1.65 | 250 | 412.50 |
| Tiffany Troy05 | 09/26/23 | Prepare for Conference w OC and Arbitrator | 0.35 | 250 | 87.50 |
| Tiffany Troy05 | 09/26/23 | Attend Status Conference w OC and Arbotrator | 0.66 | 250 | 165.00 |
| John Troy13 | 10/02/23 | Finalize and Send Interrogatories Responses to OC | 0.60 | 650 | 390.00 |
| John Troy13 | 10/02/23 | Finalize and Send Document Production Responses to OC | 0.45 | 650 | 292.50 |
| Tiffany Troy05 | 10/03/23 | Meet and Confer w OC re Hearing Room Arraingments | 0.20 | 250 | 50.00 |
| Tiffany Troy05 | 10/03/23 | Email Back and forth w Arbitrator and AAA regarding Hearing dates and Finishing Case | 0.65 | 250 | 162.50 |
| Tiffany Troy05 | 10/04/23 | Further email Back and forth w Arbitrator and OC re Hearing Dates and Hearing Logistics | 0.40 | 250 | 100.00 |
| Tiffany Troy05 | 10/06/23 | Provide OC with Dropbox Link to Access Plaintiffs Document Production | 0.35 | 250 | 87.50 |
| John Troy13 | 10/11/23 | Email Arbitrator and OC re Avaliability for Conference Call | 0.25 | 650 | 162.50 |
| Tiffany Troy05 | 10/18/23 | Attend Status Conference w OC and Arbitrator | 0.45 | 250 | 112.50 |
| Tiffany Troy05 | 10/19/23 | Email Back and Forth w AAA Office re Updating Information for Claimants | 0.50 | 250 | 125.00 |
| John Troy13 | 11/08/23 | Email OC re Position on Meet and Confer | 0.20 | 650 | 130.00 |
| John Troy13 | 11/09/23 | Email OC re Position on Mediation | 0.20 | 650 | 130.00 |
| John Troy13 | 11/15/23 | Review def Letter re Def Filing Bankuptcy and Email Time to Respond | 0.42 | 650 | 273.00 |
| John Troy13 | 11/17/23 | Draft Response to def Filing re: Bankruptcy and Email to Arbitrator | 1.50 | 650 | 975.00 |
| John Troy13 | 11/29/23 | Review Orders re def request to Stay Proceedings | 0.25 | 650 | 162.50 |
| John Troy13 | 12/07/23 | Review def email re Settlement; Def paper re Adjournment of Hearing and Propose Next Steps to OC | 0.50 | 650 | 325.00 |
| John Troy13 | 12/08/23 | Review def Email and Email OC back re Next Steps | 0.33 | 650 | 214.50 |
| Tiffany Troy05 | 12/12/23 | Review Order Granting Extension; Evidentiary Hearing Adjourned Sine Die | 0.33 | 250 | 82.50 |

Make all checks payable to TROY LAW, PLLC.

If you have any questions concerning this invoice, contact (718) 762-1324 or troylaw@troypllc.com.

**We always appreciate your business!**

# Invoice

Tuesday, July 16, 2024

## TROY LAW, PLLC

41-25 Kissena Blvd.. Suite 110
Flushing. NY 11355
(718) 762-1324 | troylaw@troypllc.com

| | | | | | |
|---|---|---|---|---|---|
| John Troy13 | 12/12/23 | Email OC Further Position of Extension of Time to Complete Discovery | 0.25 | 650 | 162.50 |
| John Troy13 | 12/12/23 | Review def email and Email OC re Extension of Time to Complete Discovery | 0.42 | 650 | 273.00 |
| John Troy13 | 12/12/23 | Email back and Forth with OC and AAA re: Extension of Time to Complete Discovery | 0.58 | 650 | 377.00 |
| Tiffany Troy05 | 12/12/23 | Go Over Discovery Posture; Need to Compel in Light of Upcoming Hearing | 0.33 | 250 | 82.50 |
| John Troy13 | 12/14/23 | Email OC re: Arbitrators recent email and Setting Up Discovery Schedule | 0.42 | 650 | 273.00 |
| Tiffany Troy05 | 01/26/24 | Review Case Prior to Status Conference | 0.35 | 250 | 87.50 |
| Tiffany Troy05 | 01/26/24 | Attend Status Conference w OC and Arbitrator | 0.60 | 250 | 150.00 |
| John Troy13 | 02/07/24 | Email OC re Documentation re def Inability to Pay Damages | 0.20 | 650 | 130.00 |
| John Troy13 | 02/20/24 | Send Follow Up email re Documentation re Def Inability to Pay | 0.17 | 650 | 110.50 |
| John Troy13 | 02/26/24 | Email OC Back and Forth re Inability to Pay and Proceeding Forward in Case | 0.45 | 650 | 292.50 |
| John Troy13 | 02/26/24 | Email Arbitrator Plaintiffs Position on Next Steps in Case | 0.30 | 650 | 195.00 |
| Tiffany Troy05 | 03/01/24 | Attend Pre-Hearing Conference | 0.67 | 250 | 166.67 |
| Preethi Kilaru4 | 03/19/24 | Downoad def Document Production and Email OC re Next Steps | 0.33 | 200 | 66.00 |
| John Troy13 | 03/22/24 | Email Back and Forth w OC re Providing Plaintiffs Position on Next Steps and Req for Adjournment of Reporting to Arbitrator Next Steps | 0.65 | 650 | 422.50 |
| John Troy13 | 03/22/24 | Email Arbitrator re: Proposed Extension to Provide Next Steps in Case | 0.30 | 650 | 195.00 |
| John Troy13 | 03/27/24 | Draft Proposed Discovery Stipulation re Outline of Remaining Discovery and Send to OC | 0.83 | 650 | 539.50 |
| John Troy13 | 03/27/24 | Review def Email re Discovery Plan and Send OC Comments on Discovery Plan | 0.25 | 650 | 162.50 |
| John Troy13 | 03/27/24 | Email Arbitrator re: Parties Next Steps in Case | 0.17 | 650 | 110.50 |
| Preethi Kilaru4 | 04/05/24 | Download and Review def Discovery Responses and Docs | 0.75 | 200 | 150.00 |
| John Troy13 | 04/05/24 | Draft plf Supplemental Discovery Responses | 0.75 | 650 | 487.50 |
| John Troy13 | 04/05/24 | Finish Draft plf Supplemental Discovery Responses | 1.17 | 650 | 760.50 |
| Tiffany Troy05 | 04/05/24 | Email OC re Scehduling Dates for Next Steps | 0.25 | 250 | 62.50 |
| John Troy13 | 04/18/24 | Follow Up on Schduling Depo Dates | 0.35 | 650 | 227.50 |
| John Troy13 | 04/19/24 | Email Back and Forth re Scheduling Depo Dates | 0.30 | 650 | 195.00 |
| John Troy13 | 04/23/24 | Email Back and Forth re Scheduling Depo Dates | 0.45 | 650 | 292.50 |

Make all checks payable to TROY LAW, PLLC.

If you have any questions concerning this invoice, contact (718) 762-1324 or troylaw@troypllc.com.

**We always appreciate your business!**

# Invoice

Tuesday, July 16, 2024

## TROY LAW, PLLC

41-25 Kissena Blvd.. Suite 110
Flushing. NY 11355
(718) 762-1324 |  troylaw@troypllc.com

| | | | | | |
|---|---|---|---|---|---|
| John Troy13 | 04/24/24 | Email Back and Forth re Scheduling Depo Dates | 0.35 | 650 | 227.50 |
| John Troy13 | 04/29/24 | Email Back and Forth re Scheduling Depo Dates | 0.45 | 650 | 292.50 |
| John Troy13 | 04/30/24 | Email Back and Forth re Scheduling Depo Dates | 0.35 | 650 | 227.50 |
| Tiffany Troy05 | 05/04/24 | Depo Prep Angelo Bello | 1.75 | 250 | 437.50 |
| Tiffany Troy05 | 05/04/24 | Prepare for Depo Prep Session | 0.50 | 250 | 125.00 |
| John Troy13 | 05/07/24 | Email Back and Forth re Deposition Logistics for Upcoming Plaintiffs Deposition | 0.65 | 650 | 422.50 |
| Preethi Kilaru4 | 05/07/24 | Confirm with Stenographer Plf Deposition of Def | 0.23 | 200 | 46.00 |
| Tiffany Troy05 | 05/08/24 | Collate Depo Transcript and Send to Angelo in Prep for Tmrw | 0.25 | 250 | 62.50 |
| Tiffany Troy05 | 05/08/24 | Speak with Angelo Ahead of Deposition Tmrw | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 05/08/24 | Speak with Angelo Ahead of Deposition Tmrw | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 05/08/24 | Draft Reminder to Angelo | 0.25 | 250 | 62.50 |
| Aaron Schweitzer08 | 05/09/24 | defend deposition of Silva, Angelo | 4.17 | 400 | 1668.00 |
| Aaron Schweitzer04 | 05/09/24 | 7 subway 1500 Broadway to Flushing | 1.50 | 200 | 300.00 |
| Preethi Kilaru4 | 05/09/24 | Email OC re Deposition Arranements for Deposition of Defendants | 0.25 | 200 | 50.00 |
| Aaron Schweitzer04 | 05/09/24 | LIRR + S subway Little Neck to 1500 Broadway for deposition of Silva, Angelo | 1.25 | 200 | 250.00 |
| Tiffany Troy05 | 05/09/24 | Confer with Client re Depo Arrangement Tmrw | 0.25 | 250 | 62.50 |
| TIFFANY TROY03 | 05/10/24 | Draft Documents to Demand; Revise Depo Notes | 0.34 | 150 | 51.00 |
| TIFFANY TROY03 | 05/10/24 | Prepare for Deposition | 1.07 | 150 | 160.50 |
| TIFFANY TROY03 | 05/10/24 | Claimant Depose Respondent Igor Segota | 2.00 | 150 | 300.00 |
| TIFFANY TROY03 | 05/10/24 | Continue to Prep for Deposition | 0.17 | 150 | 25.50 |
| TIFFANY TROY03 | 05/10/24 | Continue to Depose Respondent Igor Segota | 0.25 | 150 | 37.50 |
| TIFFANY TROY03 | 05/17/24 | (Half-Time) Continue Claimant Depose Respondent Paola Pedrignani | 2.38 | 150 | 357.00 |
| TIFFANY TROY03 | 05/17/24 | (Half-Time) Claimant Depose Respondent Paola Pedrignani | 1.63 | 150 | 244.50 |
| Tiffany Troy05 | 05/23/24 | Confer Client re Offer | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 05/23/24 | Review Settle Offer and Email OC Back | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 05/24/24 | Speak with Client re Settle Offer | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 05/24/24 | Confer OC re Settle Terms; Research Case Cites and Send Back | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 05/24/24 | Reach Out to Angelo | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 05/24/24 | Further Confer OC re Settle | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 05/24/24 | Legal Research Cheeks Review and Email OC Back | 1.00 | 250 | 250.00 |
| Tiffany Troy05 | 05/24/24 | Follow up OC re Settlement In Light of Upcoming Conference | 0.08 | 250 | 20.83 |

Make all checks payable to TROY LAW, PLLC.

If you have any questions concerning this invoice, contact (718) 762-1324 or troylaw@troypllc.com.

**We always appreciate your business!**

# Invoice

### TROY LAW, PLLC

41-25 Kissena Blvd.. Suite 110
Flushing. NY 11355
(718) 762-1324 | troylaw@troypllc.com

| | | | | | |
|---|---|---|---|---|---|
| Tiffany Troy05 | 05/27/24 | Review Case for Status Conf; Email OC to Follow Up | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 05/28/24 | Attend Status Conference | 0.28 | 250 | 70.00 |
| Tiffany Troy05 | 05/28/24 | Begin Drafting SA | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 05/28/24 | Follow Up OC re Settle Posture | 0.17 | 250 | 42.50 |
| Tiffany Troy05 | 05/28/24 | Prepare for Status Conference; Review Settle Terms, Disco Status | 0.25 | 250 | 62.50 |
| Tiffany Troy05 | 05/31/24 | Continue to Draft SA | 1.00 | 250 | 250.00 |
| Tiffany Troy05 | 06/02/24 | Finish Drafting Settlement Agreement, Send to OC | 1.75 | 250 | 437.50 |
| Tiffany Troy05 | 06/04/24 | Confer with OC re Settle Posture, AAA | 0.17 | 250 | 41.67 |
| Preethi Kilaru4 | 06/04/24 | ACDP hearing Doc | 0.17 | 200 | 34.00 |
| Tiffany Troy05 | 06/08/24 | Draft Joint Fairness Letter Motion; Email to OC | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 06/11/24 | Follow up on Settlement and Joint Fairness | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 06/24/24 | Confer with OC re Exchange of Settle Docs | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 06/24/24 | Confer with OC to Set Meet and Confer Date and Time | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 06/25/24 | Respond to OC re Inquiry | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 06/26/24 | Review and Send Back Settle Agreement | 1.00 | 250 | 250.00 |
| Tiffany Troy05 | 06/27/24 | Follow up on Settlement | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 06/28/24 | Follow up with OC | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 06/28/24 | Email Arbitrator for Extension of Time | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 07/01/24 | Confer with OC re Phone Call | 0.33 | 250 | 83.33 |
| Tiffany Troy05 | 07/06/24 | Follow up on Settle Status | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 07/08/24 | Meet and Confer OC | 0.67 | 250 | 166.67 |
| Tiffany Troy05 | 07/08/24 | Set Up Meet and Confer | 0.17 | 250 | 41.67 |
| Tiffany Troy05 | 07/10/24 | Review Revised Settle Agreement, Confer with OC | 0.25 | 250 | 62.50 |
| Tiffany Troy05 | 07/10/24 | Review Research on Arbitrators, Submit Rank List | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 07/11/24 | Review Revised Settle Agreement | 0.50 | 250 | 125.00 |
| Tiffany Troy05 | 07/15/24 | Call OC and Send Email for Extension, Contact Client | 0.42 | 250 | 104.17 |
| Tiffany Troy05 | 07/16/24 | Follow up with OC and Joint Fairness Letter | 0.25 | 250 | 62.50 |
| Tiffany Troy05 | 07/16/24 | Review Settlement Agreement with Client; sign | 1.00 | 250 | 250.00 |
| Tiffany Troy05 | 07/16/24 | Review Revised Joint Fariness and Email Back | 0.25 | 250 | 62.50 |

|  | |
|---|---|
| Total Billables | **$32,526.83** |

Make all checks payable to TROY LAW, PLLC.

If you have any questions concerning this invoice, contact (718) 762-1324 or troylaw@troypllc.com.

**We always appreciate your business!**

# Invoice

TROY LAW, PLLC

41-25 Kissena Blvd.. Suite 110
Flushing. NY 11355
(718) 762-1324 |  troylaw@troypllc.com

| Expense Description | Expense Date | Expense Amount | |
|---|---|---|---|
| (half allocation) Printing Reciept $67.41 | 01/13/21 | $33.70 | |
| (half allocation) Service Fee for Defendant Manna Lexington Avenue LLC $125.00 | 01/26/21 | $62.50 | |
| (half allocation) Service Fee for Defendant Manna 2nd Avenue LLC $125.00 | 01/26/21 | $62.50 | |
| (half allocation) Service Fee for Defendant Manna Madison Avenue LLC $125.00 | 01/26/21 | $62.50 | |
| (half allocation) Service Fee for Defendant Mamexicana LLC $125.00 | 01/26/21 | $62.50 | |
| (half allocation) Service Fee for Defendant West D&P LLC $125.00 | 01/26/21 | $62.50 | |
| (half allocation) Service Fee for Defendant Mamericana 92 LLC $125.00 | 01/26/21 | $62.50 | |
| (half allocation) Service Fee for Defendant Manna Amsterdam Avenue LLC $125.00 | 01/26/21 | $62.50 | |
| (half allocation) Service Fee for Defendant Paola Pedrignani $125.00 | 01/26/21 | $62.50 | |
| (half allocation) Service Fee for Defendant Marie Marchand, as executor for Jean F. Marchand $125.00 | 01/26/21 | $62.50 | |
| (half allocation) Service Fee for Defendant Manna Parc 61 LLC $125.00 | 01/26/21 | $62.50 | |
| (half allocation) usdc Filing Fee Index Number $402.00 | 12/31/21 | $201.00 | |
| (half allocation) 062 Regular Mail to Attorney General $0.85 | 12/31/21 | $0.42 | |
| AAA Fee for Angelo Bello Case | 12/02/22 | $300.00 | |
| (half allocation) (Data Entry for Attny Fee App) Transcript for Deposition of Igor Segota $1,026.75 | 05/31/24 | $513.38 | |
| (half allocation) (Data Entry for Attny Fee App) Transcript for Deposition of Paola Pedrignani $1,777.50 | 05/31/24 | $888.75 | |
| | Total Expenses | **$2,562.25** | |

| | |
|---|---|
| Total Billables | $32,526.83 |
| Total Expenses | $2,562.25 |
| Total Payments | $0.00 |
| Outstanding | $35,089.08 |

Make all checks payable to TROY LAW, PLLC.

If you have any questions concerning this invoice, contact (718) 762-1324 or troylaw@troypllc.com.

**We always appreciate your business!**

| | |
|---|---|
| AMERICAN ARBITRATION ASSOCIATION<br><br>ANGELO BELLO SILVA<br>                        Claimant<br><br>v.<br><br>MANNA 2ND AVENUE LLC<br>     d/b/a Gina La Fornarina;<br>MANNA MADISON AVENUE LLC<br>     d/b/a Gina La Fornarina;<br>MANNA PARC 61 LLC<br>     d/b/a Gina Mexicana;<br>MAMEXICANA LLC<br>     d/b/a Gina Mexicana;<br>MANNA LEXINGTON AVENUE LLC<br>     d/b/a Gina La Fornarina;<br>WEST D&P<br>     d/b/a Gina La Formarina;<br>MAMERICANA 92 LLC<br>     d/b/a Gina Americana;<br>MANNA AMSTERDAM AVENUE LLC<br>     d/b/a Gina La Fornarina;<br>ENTERPRISE RESTAURANT LLC<br>     d/b/a Amaranth; PAOLA PEDRIGNANI,<br>IGOR SEGOTA, and<br>JEAN FRANCOIS MARCHAND<br>                      Respondents | Case Number: 01-22-0005-0178<br><br><u>STIPULATION OF</u><br><u>MODIFICATION TO</u><br><u>SETTLEMENT AGREEMENT</u> |

**IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED**

1. The parties hereby stipulate and agree to amend Paragraph 11 (b) of the Settlement Agreement entered into between the above parties, dated July 16, 2024, as follows:

The Parties agree to execute this Agreement without delay upon finalization of its terms. Upon its full execution, the parties shall jointly submit this Agreement to this Arbitrator for approval, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015). This Agreement shall not be effective until the following actions occur and will become effective on the later date of the two following actions occurring: (1) the Arbitrator enters the Consent Award closing the arbitration proceeding, and (2) the federal district court declines to review for judicial approval of their proposed settlement pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) or in the alternative approves the settlement as fair under <u>Cheeks</u> (the "Effective Date").

2. Counsel for the parties sign this stipulation with the knowledge and consent of the respective parties.

Dated: August 23, 2024

TROY LAW, PLLC
*Attorneys for the Plaintiff*

Boyd Richards Parker & Colonnelli, P.L.
*Attorneys for Defendants*

By: _____
Tiffany Troy, Esq.
John Troy, Esq.
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel: 718 762 1324

_____
Jacqueline L. Aiello, Esq.
1500 Broadway, Suite 505
New York, NY 10036
Tel: 2124000626

SO ORDERED.

_____