```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
ALFREDO BELLO HERRERA, *and* ANGELO :
BELLO SILVA, *on their own behalf and on behalf of* :
*others similarly situated*, :
:
:
Plaintiffs, :
:
-v - :   1:20-cv-11026-GHW
:
MANNA 2ND AVENUE LLC, *doing business as* :   ORDER
GINA LA FORNARINA, *et al.*, :
:
Defendants. :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

The Court has been advised that Plaintiff Angelo Bello Silva has reached a settlement with Defendants (together, the "Settling Parties") in this case. The settlement includes claims arising under the Fair Labor Standards Act (the "FLSA"). The Settling Parties are directed to proceed in one of the three ways described below. The first alternative describes the process that the Settling Parties must follow if they wish to dismiss FLSA claims *with prejudice*. The second alternative describes a process that the Settling Parties may follow if they wish to dismiss FLSA claims *without prejudice* if there is no settlement of FLSA claims. The third alternative reminds the Settling Parties of their option to resolve this case through an offer of judgment under Federal Rule of Civil Procedure 68.

(1)   *Judicial Approval and Order of Dismissal of FLSA Claims with Prejudice under Rule 41(a)(2).* In light of the decision of the Second Circuit Court of Appeals in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which held that the FLSA falls within the "applicable federal statute" exception to Federal Rule of Civil Procedure 41(a)(1)(A), the Settling Parties cannot dismiss claims arising under the FLSA *with prejudice* pursuant to Rule 41(a)(1)(A). The holding of *Cheeks* does

not apply to claims arising under any statute other than the FLSA.  As a result, in order to dismiss an FLSA claim *with prejudice*, the Settling Parties must seek court approval of the proposed dismissal under Rule 41(a)(2).  In order to seek such approval, the Settling Parties are directed to proceed as follows:

(a)  First, the Settling Parties are ORDERED to discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to jurisdiction by the Magistrate Judge over their motion for approval of the proposed settlement.  If both Settling Parties consent to proceed before the Magistrate Judge, the Settling Parties must, no later than September 23, 2024, file on ECF a fully executed Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge form, available at https://www.uscourts.gov/sites/default/files/ao085a.pdf.  The executed form should be filed on ECF as a "Proposed Consent to Magistrate Judge Disposition of Motion," and be described using the "Proposed Consent to Magistrate Judge Disposition of Motion" filing event in accordance with ECF Rule 13.27.  If the Court approves that form, all further proceedings regarding the motion for approval of the proposed settlement, including the evaluation of the proposed settlement, will then be conducted before the assigned Magistrate Judge rather than before me.  Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be if the consent form were not signed and so ordered.

If either party does not consent to conducting all further proceedings regarding the motion for approval of the proposed settlement before the assigned Magistrate Judge, the Settling Parties must file a joint letter, no later than September 23, 2024, advising the Court that the Settling Parties do not consent, **but without disclosing the identity of the party or Settling Parties who do not consent**.  The Settling Parties are free to withhold consent without negative consequences.

(b)  Second, if the Settling Parties do *not* consent to conducting all proceedings regarding their motion for approval of the proposed settlement before the assigned Magistrate Judge, they

shall submit to the Court by September 30, 2024 a joint motion via ECF setting forth their views as to why their settlement is fair and should be approved. The motion must address the considerations detailed in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and must include a copy of the settlement agreement itself, attached as an exhibit. *The Settling Parties are advised that the Court will not approve settlement agreements that contain a confidentiality provision, and that the Court will not permit the Settling Parties to file any portion of any document related to the Court's evaluation of the proposed settlement under seal unless they have first made a particularized showing of the need for the relevant information to be sealed that rebuts the presumption of public access to judicial documents.*

If the settlement includes attorney's fees, the Settling Parties should also address the reasonableness of the fees to be awarded under the framework set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Plaintiffs' attorneys must also attach as an exhibit detailed attorney time records for the Court's review, as the Second Circuit "encourage[s] the practice of requiring documentation of hours as a 'cross check'" even in cases in which the fees awarded are a percentage of the total award. *Id.* (citation omitted).

(2)     *Stipulation of Dismissal Without Prejudice under Rule 41(a)(1)(A).* The court in *Cheeks* expressly reserved decision with respect to voluntary dismissals of FLSA claims without prejudice under Rule 41(a)(1)(A). However, in *Samake v. Thunder Lube, Inc., et al.*, 21-102-cv (2d Cir. January 27, 2022), the Second Circuit concluded that the Court must evaluate such dismissals to ensure that they do not obscure a settlement. As a result, the Court will accept a stipulation of dismissal under Rule 41(a)(1)(A), so long as (1) the Settling Parties' stipulation of dismissal dismisses claims arising under the FLSA *without prejudice* and (2) the Settling Parties certify that there has been no settlement of FLSA claims. If the Settling Parties are unable to certify that there has been no settlement of FLSA claims, they must request *Cheeks* review of the settlement, as described in paragraph (1) above. If the Settling Parties wish to resolve the case by a stipulation that dismisses FLSA claims *without*

*prejudice* under Federal Rule of Civil Procedure 41(a)(1)(A), they are directed to submit such a stipulation and certification by September 23, 2024. The executed stipulation should be filed on ECF as a "Proposed Order," and be described using the "Stipulation of Voluntary Dismissal" filing event in accordance with ECF Rule 13.18. The certification may be submitted in the form of a letter by counsel for the plaintiff(s) if the dismissal is proposed under Rule 41(a)(1)(A)(i), or by counsel for all Settling Parties if the dismissal is proposed under Rule 41(a)(1)(A)(ii).

(3)     *Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68*. Federal Rule of Civil Procedure 68(a) provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed. R. Civ. P. 68(a). In *Mei Xing Yu v. Hasaki Restaurant, Inc.*, the Second Circuit held that judicial approval is not required for Rule 68(a) offers of judgment with respect to actions that raise claims under the FLSA. 944 F.3d 395, 414 (2d Cir. 2019). If the Settling Parties wish to resolve the case by an offer and acceptance of judgment pursuant to Rule 68(a), they are directed to submit the executed offer and acceptance, together with a form of proposed order for the entry of judgment consistent with the terms of the offer and acceptance, by September 23, 2024.

SO ORDERED.

Dated: September 9, 2024  
New York, New York

GREGORY H. WOODS  
United States District Judge