# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 110, Flushing, New York 11355

September 30, 2024

**Via ECF**
Hon. Gregory H Woods U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*Bello Herrera et al. v. Manna 2nd Avenue LLC et al.*, No. 20-cv-11026 (GHW) (OTW), (E.D.N.Y.)

Dear Judge Woods:

The Parties write jointly to report that Plaintiff ANGELO BELLO SILVA and all Defendants have come to an agreement on settling this matter.[1]

**I.   Background**

Plaintiff ANGELO BELLO SILVA (hereinafter "Claimant," "Plaintiff," or "BELLO SILVA") was employed by Defendants MANNA 2ND AVENUE LLC d/b/a Gina La Fornarina; MANNA MADISON AVENUE LLC d/b/a Gina La Fornarina; MANNA PARC 61 LLC d/b/a Gina Mexicana and ; MAMEXICANA LLC d/b/a Gina Mexicana; MANNA LEXINGTON AVENUE LLC d/b/a Gina La Fornarina; WEST D&P d/b/a Gina La Formarina; MAMERICANA 92 LLC d/b/a Gina Americana; MANNA AMSTERDAM AVENUE LLC d/b/a Gina La Fornarina; and ENTERPRISE RESTAURANT LLC d/b/a AmaranthPAOLA PEDRIGNANI, IGOR SEGOTA, and JEAN FRANCOIS MARCHAND, (collectively, "Respondents" or "Defendants").

This lawsuit was originally filed on December 31, 2020, in the Southern District of New York, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

---

[1] Plaintiff ALFREDO BELLO HERRERA's claims remain pending before the American Arbitration Association.

Hon. Gregory H Woods, U.S.D.J.
20-cv-11026 *Bello Herrera et al v. Manna 2nd Avenue LLC et al*
Page 2

Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

Before this matter was arbitrated, Defendant Igor Segota moved to dismiss the complaint against him, which was granted. Thereafter, the remaining Defendants moved to compel arbitration, and on July 18, 2022, the Court granted Defendants' motion to compel arbitration, stayed the case pending the outcome of the arbitration proceedings, and ordered the parties to submit a joint status letter no later than the earlier of (a) February 30, 2023 or (b) seven days after the culmination of those proceedings. On December 2, 2022, ANGELO BELLO SILVA filed a Demand for Arbitration with the American Arbitration Association.

    **II.**    **The FLSA Settlement is Fair and Reasonable**

Based on the estimated total damages, the amount of One Hundred Thousand Dollars ($100,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and the guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one- and one-half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement is not approved, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation,

Hon. Gregory H Woods, U.S.D.J.
20-cv-11026 *Bello Herrera et al v. Manna 2nd Avenue LLC et al*
Page 3

this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

From on or about April 2015 to November 2019, Plaintiff ANGELO BELLO SILVA was employed by Defendants to work as a Waiter and Deliveryman at one of Defendants restaurants located at 145 East 61st Street, New York, NY 10065. Plaintiff was initially hired to be a deliveryman, but later on Plaintiff primarily worked as a waiter, and would do deliveries as needed.

From April 2015 to August 2018, Plaintiff ANGELO BELLO SILVA's regular work schedule ran from 16:00 to 22:00 for six (6) hours per day for six (6) days a week, for thirty-six (36) hours each week. From in or around September 2018 to in or around April, 2019, Plaintiff ANGELO BELLO SILVA's regular work schedule ran for three (3) days a week, 16:00 to 22:00 for a "single shift" of six (6) hours on Friday plus two (2) single shifts from 16:00 to 22:00 or double shifts from 10:00 to 22:00 for between an additional twelve (12) to twenty four (24) hours a week. As a result, in or around September 2018 to April 2019, Plaintiff worked between eighteen (18) and thirty (30) hours a week. From in or around May 2019 to in or around August 2019, Plaintiff ANGELO BELLO SILVA's regular work schedule ran from 16:00 to 22:00 for six (6) hours per day for five (5) days per week from Wednesdays to Sundays with Monday and Tuesday off, for thirty (30) hours per week. In September 2019, Plaintiff ANGELO BELLO SILVA's regular work schedule ran for three (3) days a week, 16:00 to 22:00 for a "single shift" of six (6) hours on Friday, plus two (2) single shifts from 16:00 to 22:00 or double shifts from 10:00 to 12:00 for between an additional twelve (12) to twenty four (24) hours a week. As a result, in September 2019, Plaintiff worked between eighteen (18) and thirty (30) hours a week.

From on or about April 01, 2015 to December 31, 2019, Plaintiff ANGELO BELLO SILVA was paid a flat compensation at a rate of eight dollars ($7.50) per hour. From on or about April 01, 2015 to December 31, 2019, Plaintiff ANGELO BELLO

Hon. Gregory H Woods, U.S.D.J.
20-cv-11026 *Bello Herrera et al v. Manna 2nd Avenue LLC et al*
Page 4

SILVA was paid a flat compensation at a rate of nine dollars ($9.00) per hour. From on or about April 01, 2015 to December 31, 2019, Plaintiff ANGELO BELLO SILVA was paid a flat compensation at a rate of nine dollars ($9.15) per hour. From on or about April 01, 2015 to December 31, 2019, Plaintiff ANGELO BELLO SILVA was paid a flat compensation at a rate of eleven dollars ($10.50) per hour. At all relevant times, Plaintiff ANGELO BELLO SILVA was never informed of his hourly pay rate or any tip deductions toward the minimum wage. Further, at all relevant times, Plaintiff ANGELO BELLO SILVA had to help out of the floor with the deliveries, prepare the sauces, containers, and the utensils for the delivery bags as needed by the restaurant.

At all relevant times, Plaintiff ANGELO BELLO SILVA's non-tipped work exceeds two (2) hours or twenty percent (20%) of Plaintiff 's workday.

Throughout his employment, Plaintiff ANGELO BELLO SILVA was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Spanish, Plaintiff's native language.

After Plaintiff's father and co-Plaintiff Alfredo Bello Herrera testified against Defendants in the matter and told the truth as to the practices of Defendants, Defendants retaliated by cutting Plaintiffs hours. Specifically, in October 2019, Plaintiff had his three (3) days taken away, and Plaintiff was only given one (1) or two (2) Plaintiff to work. When Plaintiff confronted the manager DENNIS, Plaintiff was told business was getting slow. However, Plaintiff's work scheduled was divided amongst the other waiters, and as a result they worked more hours while Plaintiff worked less hours than before. All the waiters other than Plaintiff already worked full time, for six (6) days a week and as a result of Defendants cutting Plaintiff's hours, the other waiters (7-8 full time waiters at Defendants location) would come in the morning or afternoon in addition, meaning that they would work double shifts instead of single shifts.

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of One Hundred Thousand Dollars ($100,000.00) inclusive of attorney fees of the Plaintiff 's counsel.

### B. Defendants' Assessment

Through the current state of discovery, Plaintiff's allegations have proven to be legally and/or factually meritless or otherwise exaggerated.

Hon. Gregory H Woods, U.S.D.J.
20-cv-11026 *Bello Herrera et al v. Manna 2nd Avenue LLC et al*
Page 5

By way of example, while Plaintiff claims to have been unaware of the tip credit taken by his employer (serving as the basis for his unpaid minimum wage claim), Plaintiff testified during his deposition that he was advised at the start of his employment that his wages would be subject to the tip credit. The Defendants have also produced a copy of the tip credit notice provided to him (in addition to the verbal notice he received at the start of his employment). Plaintiff also testified that he was not engaged in non-tipped duties for more than 20% of his shifts. As such, there is no basis for Plaintiff's unpaid minimum wage claims or the claim related to failure to provide a pay rate notice. Plaintiff also did not testify (nor do his allegations support) that he worked overtime (or was ever unpaid for overtime hours) and so that claim fails as well.

As to Plaintiff's retaliation claim, the claim is legally meritless on its face, as Plaintiff does not allege that *he himself* engaged in any protected activity under the NYLL (as is required to state a claim); rather, the allegation is that as a result of *his father's* testimony in an unrelated action, he suffered a retaliatory reduction in hours. Plaintiff confirmed during his deposition that he did not engage in any protected activity (consistent with the lack of protected activity alleged in the Complaint). As a result, there is no legal basis for this claim.

Finally, Plaintiff received paystubs (which Defendants assert are accurate and include the necessary information) and those paystubs reflect that to the extent he worked over 10 hours, he was paid spread of hours. Based on the foregoing, we believe that Plaintiff's claims in this regard are without merit.

We finally note that Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiff 's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

To this same end, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

**III.   The Attorneys' Fees Are Fair and Reasonable**

Hon. Gregory H Woods, U.S.D.J.
20-cv-11026 *Bello Herrera et al v. Manna 2nd Avenue LLC et al*
Page 6

Defendants will provide Plaintiff with a settlement in the amount of One Hundred Thousand Dollars ($100,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Two Thousand Five Hundred Twenty-Six Dollars And Twenty-Five Cents ($2,526.25). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Ninety-Seven Thousand Four Hundred Seventy-Three Dollars And Seventy-Five Cents ($97,473.75).

Of the Net Settlement Amount, One Third (1/3), or Thirty-Two Thousand Four Hundred Ninety-One Dollars And Twenty-Five Cents ($32,491.25), is due to Plaintiff s attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Two Thousand Five Hundred Twenty-Six Dollars And Twenty-Five Cents ($2,526.25) for a total of Thirty-Five Thousand Seventeen Dollars And Fifty Cents ($35,017.50). Of the Net Settlement Amount, Two Thirds (2/3), or Sixty-Four Thousand Nine Hundred Eighty-Two Dollars And Fifty Cents ($64,982.50) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiff's Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| **TROY LAW PLLC** | **Boyd Richards Parker & Colonnelli, P.L.** |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| /s/ John Troy | /s/ Jacqueline L. Aiello |
| John Troy, Esq. | Jacqueline L. Aiello, Esq. |
| Aaron Schweitzer, Esq. | Frederick Sung, Esq. |
| Tiffany Troy, Esq. | 1500 Broadway, Suite 505 |
| 41-25 Kissena Blvd., Suite 110 | New York, NY 10036 |
| Flushing, NY 11355 | Tel: 2124000626 |
| Tel.: 718 762 1324 | |

Hon. Gregory H Woods, U.S.D.J.
20-cv-11026 *Bello Herrera et al v. Manna 2nd Avenue LLC et al*
Page 7